June 18, 2019

Mr. Scott Devito, Dean  *Overnight Mail, UPS # 1ZA879640295791602*
InfiLaw Holdings, LLC
8787 Baypine Road
Jacksonville, FL  32256
*sdevito@fcsl.edu*

RE:  Provisional/Letter of Credit Alternative
Institutions and OPE IDs:   03374300 Florida Coastal School of Law
                            04131400 Arizona Summit Law School
                            04143500 Charlotte School of Law

Dear Mr. DeVito:

The Multi-Regional and Foreign School Participation Division (MRFSPD) has completed its review of the fiscal year ended 7/31/2018 audited financial statements of InfiLaw Holdings, LLC and Subsidiary (InfiLaw).  The review was conducted in conjunction with the evaluation of InfiLaw's eligibility to participate in the Higher Education Act (HEA) of 1965, as amended, in Title IV programs.

In assessing the financial strength of InfiLaw, our accounting staff reviewed the financial statements using the indicators that are set forth in regulations at 34 C.F.R. § 668.171

**Financial Ratios 34 C.F.R. § 668.171(b)(1)**

These statements yield a composite score of (1.0) out of a possible 3.0.  A minimum score of 1.5 is necessary to meet the requirement of the financial standards.  Accordingly, InfiLaw fails to meet the standards of financial responsibility as described in 34 C.F.R. § 668.172, Financial Ratios.

**Audit Opinion and Liquidation Issues 34 C.F.R. § 668.171(f)**

The audit report and financial statements indicate that there is Substantial Doubt about the InfiLaw's Ability to Continue as a Going Concern.  InfiLaw incurred a net loss of over $64 million during the year ended 7/31/2018 and at that time had a working capital deficiency of $35.6 million and members' deficit of $53.2 million.  InfiLaw has faced substantial regulatory and operational difficulties that have resulted in the closure of two of its institutions (Charlotte School of Law – August 2017 and Arizona Summit Law School – August 2018).

In view of its failure to meet the financial responsibility standards, InfiLaw may continue to participate in the Title IV, HEA programs by choosing one of two alternatives:



Federal Student Aid, Multi-Regional and Foreign School Participation Division
830 First Street NE, Union Center Plaza, 7th Floor, Washington, DC 20202-5340
www.FederalStudentAid.ed.gov

FCSL - 000001

InfiLaw Holdings, LLC and Subsidiary
Page 2 of 5

1. Letter of Credit (LOC) Alternative (34 C.F.R. § 668.175(c)):

Under this alternative, InfiLaw is required to submit an irrevocable LOC in the amount of $11,362,511.  This amount represents 70% of the Title IV, HEA program funds received by InfiLaw during its most recently completed fiscal year.  By choosing this option, InfiLaw qualifies as a financially responsible institution.

2. Provisional Certification Alternative (34 C.F.R. § 668.175(f)):

Under this alternative, InfiLaw must post an irrevocable LOC in the amount of $5,681,255 and be provisionally certified for a period of up to three complete award years.  This amount represents 35% of the Title IV, HEA program funds received by the Institution during its most recently completed fiscal year.

InfiLaw must comply with all of the requirements specified for the Provisional Certification Alternative in 34 C.F.R. § 668.175(f), including the Zone Alternative in 34 C.F.R. § 668.175(d)(2) and (3), and Requesting Funds 34 C.F.R. § 668.162(d) including the disbursement of Title IV, HEA program funds under the Heightened Cash Monitoring 1 Method of Payment.  By choosing this option, InfiLaw acknowledges that it has not met the Department's standards of financial responsibility.

<u>Compliance with Zone Alternative Requirements:</u>

1)  **Method of Payment** – InfiLaw is required to make disbursements to eligible students and parents under either the cash monitoring or reimbursement payment method as described under 34 C.F.R. § 668.162(c) and (d).

Under the Heightened Cash Monitoring Method of Payment as stated in 34 C.F.R. § 668.162(d), the Institution must first make disbursements to eligible students and parents and pay any remaining credit balances before it requests or receives funds for the amount of those disbursements from the Department.  This "Records First" requirement is fully described in the Award Year 2018-2019 Funding Authorization and Disbursement Information eAnnouncement.  The funding request may not exceed the amount of the actual disbursements that were made to the students and parents included in the funding request.  Providing the student accounts are credited before the funding requests are initiated, the Institution is permitted to draw down funds through the Department's electronic system for grants management and payments, G5, for the amount of disbursements it made to eligible students and parents.  All credit balances must be paid prior to draw down of funds, even if the student/parent signed a credit balance authorization in the past.  Authorization forms used prior to 7/1/2016 are no longer valid.  The use of credit balance authorization forms is prohibited.

The Records First requirement also means that institutions on Heightened Cash Monitoring Method of Payment that are participating in the Direct Loan program will have their Current Funding Level reduced to the greater of Net Approved and Posted Disbursements or Net Draws (processed payments less all refunds, returns, offsets, and drawdown adjustments).  In the event of returning to Advanced Funded status, the institutions will be expected to continue processing

InfiLaw Holdings, LLC and Subsidiary
Page 3 of 5

Direct Loan awards as Records First until the next Direct Loan global funding increase is processed.

Refer to the following Funding Authorization and Disbursement Information eAnnouncement for additional information:

https://ifap.ed.gov/eannouncements/attachments/ImportRemindand1819FundAuthandDisbursInfo.pdf

2) **Notification Requirements** –InfiLaw is required to provide information to the MRFSPD by certified mail or electronic or facsimile transmission no later than 10 days after any of the oversight or financial events, as described below, occur.  InfiLaw must also include with the information it submits, written notice that details the circumstances surrounding the event(s) and, if necessary, what steps it has taken or plans to take, to resolve the issue.

Any adverse action, including probation or similar action, taken against the Institution by its accrediting agency, any State agency or other Federal agency;
Any event that causes the Institution, or related entity as defined in Accounting Standards Codification (ASC) 850, to realize any liability that was noted as a contingent liability in the Institution's or related entity's most recent audited financial statements;
Any violation by the Institution of any loan agreement;
Any failure of the Institution to make a payment in accordance with its debt obligations that results in a creditor filing suit to recover funds under those obligations;
Any withdrawal of owner's equity/net assets from the Institution by any means, including by declaring a dividend;
Any losses that are unusual in nature or infrequently occur, or both as defined in accordance with ASU 2015-01 and ASC 225; or
Any filing of a petition by the Institution for relief in bankruptcy court.

3) **Additional Reporting Requirements** –The MRFSPD has determined that in order for the MRFSPD to continue to monitor InfiLaw's progress in improving IniflLaw's Title IV administrative capability, InfiLaw must provide the following updated information about its current operations and future plans on a Bi-weekly and Monthly basis:

Bi-weekly cash balance submission that outlines the Institution's available cash on hand.  Please provide detail of what is included in the cash balance.

Monthly submission of an actual and projected cash flow statement that breaks-out each anticipated inflow and outflow by line item and amount as indicated on the sample cash flow statement, with business and financial disclosure notes included that outlines the following:

Any important financial transaction that has a material effect on InfiLaw's financial condition;
Any mergers, acquisitions, business expansions, and/or corporate restructuring;
Any announced or upcoming location expansions and/or closures;
Ant new programs the Institution plans to offer within the next 60 days at one or more locations that participate in the federal student aid programs;

InfiLaw Holdings, LLC and Subsidiary
Page 4 of 5

Any decision to cease enrollment in any program(s) including teach out plans and the schedule for closing teaching out of the program(s); and
Explanation of variances as indicated on the enclosed "Cash Receipts and Disbursement and Requirements Disclosures".

Monthly Student Roster submission in Microsoft Excel format with the information on the enclosed sample.

Documents containing Personally Identifiable Information (PII) being submitted to the Department via electronic mail must be password protected. PII is any information about a student, which can be used to distinguish or trace the student's identity.

The actual and projected cash flow statement and monthly student roster is due to the Department by the 10th of each month. Please submit the cash flow statement and student roster via electronic mail (e-mail) to Rhonda Puffer, Accountant (Rhonda.Puffer@ed.gov).

**4) Auditor's Attestation Requirement** - Additionally, as part of its compliance audit, InfiLaw must require its auditor to express an opinion on its compliance with the requirements under the Zone Alternative, including its compliance with the Heightened Cash Monitoring 1 Payment Method.

Action Required

InfiLaw must notify the Department of the selection of one of these two alternatives in writing to this office within 14 calendar days of receipt of this letter.

    U.S. Department of Education
    Multi-Regional and Foreign School Participation Division
    1010 Walnut Street, Suite 336
    Kansas City, MO 64106
    ATTN: Rhonda Puffer, Accountant

    E-mail address: rhonda.puffer@ed.gov

If the institution selects the Provisional Certification Alternative, all requirements of that alternative, as listed above, will be effective the date the Department receives notification of the selection.

LOC Requirements

For either option selected, the irrevocable LOC must be made payable to the Secretary, U.S. Department of Education. The irrevocable LOC is necessary in the event that the Institution would close or terminate classes at a time other than the end of an academic period. It assures the Secretary that funds would be available from which to make refunds, provide teach-out facilities and meet institutional obligations to the Department.

InfiLaw Holdings, LLC and Subsidiary
Page 5 of 5

A sample irrevocable LOC is enclosed. InfiLaw's irrevocable LOC must be issued by a United States bank. Your lending institution must use this format on its letterhead with no deviation in the language contained therein. The irrevocable LOC must provide coverage until 12/31/2020. The irrevocable LOC must be received prior to 75 calendar days from the date of this letter. Please note that if InfiLaw fails to provide the irrevocable LOC within 75 calendar days, the institution may be referred to the Department's Administrative Actions and Appeals Service Group for termination and/or other administrative action under 34 C.F.R. § 668.86. Also, note that information regarding the financial analysis score, results, and the LOC is subject to the Freedom of Information Act of 1966, as amended.

Please mail the irrevocable LOC to the following address:

Veronica Pickett, Director
Performance Improvement and Procedures Service Group
U.S. Department of Education
Federal Student Aid/Program Compliance
830 First Street, NE, UCP3, MS 5435
Washington, DC  20002-8019

InfiLaw is required to notify the MRFSPD within three calendar days, in the event the LOC issuing should fail, resulting in financial transactions and operations being administered by the Federal Deposit Insurance Corporation. InfiLaw will also be required to submit a new replacement LOC issued by a different and non-failed U.S. bank, within 45 calendar days.

If you have any questions regarding the financial responsibility determination or disagree with the reason or methodology used for this determination, please contact Rhonda Puffer, Accountant, within 30 calendar days at (816) 268-0547.

Sincerely,

Michael Frola
Division Director

Enclosures:   Sample Irrevocable Letter of Credit
Cash Flow and Student Roster Sample
Cash Receipts and Disbursements Instructions and Requirement Disclosures
Student Roster Instructions

CC:   Florida Commission of Independent Education -Florida Department of Education
American Bar Association

FCSL - 000005