UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| FLORIDA COASTAL SCHOOL OF LAW, INC., <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | No. _____ <br><br> **Declaration of Ryan Malouf** |

## DECLARATION OF RYAN MALOUF

I, Ryan Malouf, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a certified public accountant in good standing and licensed to practice in the State of California.

2. I have practiced as a licensed certified public accountant since 2005.

3. I am an audit partner in the accounting firm of Almich & Associates ("Almich").

4. Infilaw Holding, LLC ("Holding") initially engaged Almich as its independent financial statement auditor for the fiscal year ending July 31, 2017.

5. I was the engagement partner in Almich's audits of the financial statements of Holding and its affiliates and was responsible for the supervision of the engagements, as well as the preparation and signing of the Independent Auditors' Reports related thereto, for the fiscal years ended July 31, 2018, July 31,

1

2

2019, and July 31, 2020. True and accurate copies of the audited financial statements, and related Independent Auditors' Reports, for the fiscal years ended July 31, 2019 and July 31, 2020 are attached hereto as **Exhibits A and B**, respectively ("Holding Audits").

6. I was also the engagement partner in Almich's audits of the financial statements of Florida Costal School of Law, Inc. ("FCSL"), a subsidiary of Holding, for the fiscal years ended July 31, 2019, and July 31, 2020, and was responsible for the supervision of the engagements, as well as the preparation and signing of the related Independent Auditors' Reports, for both years ("FCSL Audits"). True and accurate copies of the FCSL Audits are attached hereto as **Exhibits C and D**.

7. The Holding and FCSL Audits were conducted and prepared in accordance with Generally Accepted Government Auditing Standards and the applicable regulations of the Department of Education ("Department").

8. I reviewed a letter from the Department to FCSL, dated May 13, 2021, informing FCSL of the Department's denial of FCLS's application to be reinstated to participate in Title IV, HEA programs. The May 13, 2021 letter that I reviewed is attached hereto as **Exhibit E** ("Decision").

9. In the Decision, the Department referenced and relied on the Holding audited financial statements that are attached hereto as Exhibits A and B.

2

10. I also reviewed a letter, dated May 24, 2021, from Gombos Leyton, P.C. to the Department, requesting reconsideration of the Decision and approval of FCSL's application to be reinstated to participate in Title IV, HEA programs. The May 24, 2021 letter that I reviewed is attached hereto as **Exhibit F** ("GL Letter").

11. None of the audit reports on the Holding and FCSL financial statements were qualified or adverse opinions, or disclaimed an opinion.

12. The Holding Audits and FCSL Audits do not contain any statement that Almich had substantial doubt about Holding or FCSL's ability to continue as a going concern.

13. Almich was required by applicable auditing standards to obtain sufficient appropriate audit evidence regarding, and to conclude on, the appropriateness of management's use of the going concern basis of accounting in the preparation of Holding and FCSL's financial statements; to conclude, based on the audit evidence obtained, whether substantial doubt about Holding and FCSL's ability to continue as a going concern for a reasonable period of time existed; and to evaluate the possible financial statement effects, including the adequacy of disclosures regarding Holding and FCSL's ability to continue as a going concern for a reasonable period of time.

14. When reporting on each of the aforementioned Holding and FCSL financial statements, Almich concluded there was not substantial doubt about Holding's or FCSL's ability to continue as a going concern.

FCSL - 000011

15. The Department never contacted Almich to discuss or seek clarification regarding Holding or FCSL's audited financial statements.

16. The GL letter accurately cites and describes applicable auditing standards and requirements related to issuing an independent auditor's report that contains an opinion that substantial doubt exists about the ability of the entity being audited to continue as a going concern.

17. If Almich had concluded that substantial doubt existed about Holding's ability to continue as a going concern, Almich was required to disclose that opinion in their audit reports in a section titled "Substantial Doubt About the Entity's Ability to Continue as a Going Concern."

****

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of June 2021 in Lake Forest, California.

_____
Ryan Malouf
Audit Partner
Almich & Associates

4