

March 26, 2021


Peter Goplerud                                    *sent via e-mail to:*
President                                         pgoplerud@infilaw.com
Florida Coastal School of Law
8787 Baypine Road
Jacksonville, FL 32256-8528

Re:     Florida Coastal School of Law Provisional Program
        Participation Agreement/Loss of Eligibility
        OPE ID:  03374300

Dear Mr. Goplerud:

On November 30, 2020, the U.S. Department of Education ("Department") issued a provisional program participation agreement ("PPPA") to Florida Coastal School of Law ("FCSL").  The PPPA transmittal letter indicated that FCSL "has thirty days from the date of this letter to sign and return two copies of the [P]PPA. The Institution's failure to respond within the allotted time frame will constitute a withdrawal of the Institution's application from consideration."  The deadline for signing and returning the PPPA was December 30, 2020.

On December 2, 2020, FCSL sent an e-mail to the Department that asked to understand "the inclusion of InfiLaw Holding, LLC and Sterling Capital Partners, LP ("Sterling") as signators?"  The Department replied by e-mail on December 4, 2020 and reiterated the requirement for the signature of the entities identified on the PPPA.  On December 28, 2020, FCSL sent a letter to the Department which indicated "Sterling has been advised by counsel that it is not authorized to sign" the PPPA and further requested that Sterling be removed as a signer of the FCSL PPPA.  The Department responded on December 29, 2020 and requested specific information and documents for the Department to evaluate related to the request for the removal of Sterling and indicated that until the review of documents and analysis was complete, FCSL would remain in a month-to-month temporary status.  On January 6, 2021, FCSL submitted a letter from Sterling which explained Sterling's position further regarding its perceived legal inability to sign the PPPA, and included excerpts from Sterling's limited partnership agreement ("LPA").   The Department responded on January 15, 2021 that upon review of these materials, the Department affirmed the requirement that the authorized representatives of FCSL's owners at each level sign the PPPA and take joint fiduciary responsibility for administering the federal funds received by FCSL, in accordance with 34 C.F.R. § 668.14.  That same day, FCSL replied and indicated it had reached out to Sterling again but did not expect that Sterling would agree to sign the PPPA. The Department requested that Sterling provide the full LPA that was referenced as the impediment to Sterling signing the PPPA, and on January 19, 2021, FCSL provided a copy of the full Sterling LPA.



Florida Coastal School of Law
OPE ID: 03374300
Page 2


 The Department has completed its review of the materials submitted and has found no legal prohibition for Sterling to sign FCSL's PPPA.  Based on this review, the Department affirms the requirement of the entities identified on the attached document to sign FCSL's PPPA.  As indicated in my e-mail of January 15, 2021, the enclosed PPPA for FCSL has been updated with a correction to the information in the Sterling signature block.  FCSL and Sterling were given an opportunity to make needed modifications to the company names to reflect the proper authorized signatory for Sterling, but no corrections were provided.  Therefore, the approval of the institution's recertification is contingent upon FCSL and all owners listed to sign and return the enclosed PPPA to the Department by March 30, 2021.  If the PPPA is not signed and returned to the Department by March 30, 2021, FCSL's PPA will expire on the last day of this month (March 31, 2021).  See 34 C.F.R. § 668.13(b)(2).

Please contact me by e-mail at michael.frola@ed.gov if you have questions regarding this matter.


Sincerely,

*Michael J. Frola*

Michael Frola
Division Chief
Multi-Regional and Foreign School Participation Division


cc:     American Bar Association
        Florida DOE