

MAY 13 2021

Mr. Peter Goplerud
President and Dean
Florida Coastal School of Law
8787 Baypine Road
Jacksonville, FL 32256

Sent via UPS
#1Z 37X 7Y3 01 9647 6176
Sent via email to pgoplerud@infilaw.com

OPE ID: 03374300

Re: Denial of Reinstatement of Participation in the Title IV, HEA programs

Dear Mr. Goplerud:

The Multi-Regional and Foreign Schools Participation Division of the U.S. Department of Education ("Department") has reviewed the application of Florida Coastal School of Law ("FCSL") for reinstatement to participate as an eligible institution in the student financial assistance programs authorized pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. ("Title IV, HEA programs"). This notice is to inform you that the Department is denying FCSL's application.

Pursuant to 34 C.F.R. § 668.13(a), in order for the Department to certify an institution to participate in the Title IV, HEA programs, the institution must demonstrate to the Department that, among other things, it meets the standards of financial responsibility set forth at 34 C.F.R. Part 668, Subpart L, the standards for participation set forth at 34 C.F.R Part 668, Subpart B, including the standards of administrative capability set forth at 34 C.F.R. § 668.16, and the fiduciary standard of conduct set forth at 34 C.F.R. § 668.82. The Department's review disclosed that FCSL does not meet these requirements.

## I. FCSL Does Not Meet the Standards of Financial Responsibility

### A. FCSL Does Not Meet the Composite Score Standard

In order for the Department to consider an institution to be financially responsible, the institution must, among other things, meet the general standards of financial responsibility set forth at 34 C.F.R. § 668.171(b). One of those general standards is the requirement that the institution's Equity, Primary Reserve, and Net Income ratios yield a composite score of at least 1.5 out of a possible 3.0, as provided under 34 C.F.R. § 668.172 and appendices A and B to 34 C.F.R. Part 668, Subpart L. 34 C.F.R. § 668.171(b)(1).

The Department bases determinations of financial responsibility for proprietary institutions seeking reinstatement upon analysis of the audited financial statements submitted by the institution for its two most recent fiscal years. The Department reviewed the consolidated



financial statements of InfiLaw Holding, LLC and Subsidiary ("Holding"), which is the sole member of InfiLaw Corporation ("InfiLaw"), owner of FCSL, for the fiscal years ended ("FYE") July 31, 2020 and July 31, 2019, and determined that Holding's FYE July 31, 2020 and July 31, 2019 audited financial statements disclose failing composite scores of -1.0, the worst possible score. These audited financial statements were prepared by Almich & Associates ("Almich"). As a result, FCSL does not meet the general standards of financial responsibility.

### B. FCSL Does Not Meet the Audit Opinion and Disclosures Standard

Another requirement of financial responsibility is that the institution meet the audit opinion and disclosures standard set forth at 34 C.F.R. § 668.171(h). Under this standard, the Department does not consider an institution to be financially responsible if the institution's financial statements contain a disclosure in the notes to the financial statements that there is substantial doubt about the institution's ability to continue as a going concern as required by accounting standards, unless the Department determines that the substantial doubt has been alleviated. *Id.*

In Almich's report on Holding's FYE July 31, 2020 audited financial statements, the auditor stated, under "Emphasis of Matter", that, as described more fully in Note 1, Holding has faced substantial regulatory and operational difficulties that have resulted in the closure of two of its schools. Then, in Note 1, under "Basis of Presentation", Almich disclosed that the financial statements had been prepared on a going concern basis. The auditor stated, among other things, that Holding incurred a pre-tax loss from continuing operations of $4.0 million during FYE July 31, 2020; that as of July 31, 2020, Holding had a working capital deficiency of $41.1 million; that Holding had a members' deficit of $66.9 million; that Holding faced substantial regulatory issues that had resulted in decreases in student population, significant legal fees (both paid and unpaid as of July 31, 2020), and the closures of Charlotte School of Law ("CSL") in August 2017 and Arizona Summit Law School ("ASLS") in August of 2018; and that Holding is subject to legal claims which have resulted in substantial fees and costs and represent a considerable contingency. Almich also stated that while Holding's management is implementing strategies to improve FCSL's operations, is committed to pursuing additional strategies for FYE July 31, 2021, and believes that its financial position will improve and allow it to settle its liabilities and commitments in the normal course of business, there can be no assurance that this will actually occur, or that Holding will be profitable.

Almich's report on Holding's FYE July 31, 2019 audited financial statements contained a similar statement under "Emphasis of Matter", referring to Notes 1 and 11. In Note 1, Almich disclosed that those financial statements also had been prepared on a going concern basis; that Holding incurred a net loss from continuing operations of $10.4 million during FYE July 31, 2019; that as of July 31, 2019 Holding had a working capital deficiency of $42.9 million; that Holding had a members' deficit of $67.7 million; that Holding faced substantial regulatory issues for the same reasons cited in its FYE July 31, 2020 financial statements; and that Holding was subject to legal claims which resulted in substantial fees and costs and represented a considerable contingency. At Note 11, Almich disclosed, among other things, that Holding was subject to extensive federal regulation, and that ineligibility to participate in the Title IV, HEA programs would have a material adverse effect on Holding's enrollments, revenue, and results of operations. Almich then stated, as it did in the FYE July 31, 2020 financial statements, that while Holding's

management was continuing to implement strategies to improve FCSL's operations, was committed to pursuing additional strategies for FYE July 31, 2020, and believed that its financial position would improve and allow it to settle its liabilities and commitments in the normal course of business, there could be no assurance that this would occur, nor that Holding would be profitable.

The Department notes that Holding did not return to profitability in FYE July 31, 2020, rather incurred a net loss of $4.0 million; that its working capital deficiency still exceeds $41 million; and that Holding's members' deficit is still almost $67 million. The Department has therefore determined that the substantial doubt regarding FCSL as a going concern has not been alleviated. FCSL therefore does not meet the requirement for the financial responsibility regulations in 34 C.F.R. §668.171(h) related to audit opinions and disclosures.

**C. FCSL Does Not Have the Ability to Provide the Services Described in its Official Publications and Statements nor the Administrative Resources Necessary to Participate in the Title IV Programs.**

As provided in § 498(c)(1) of the HEA, 20 U.S.C. § 1099c-(c)(1), the Department determines whether an institution is financially responsible based on the institution's ability to provide the services described in its official publications and statements, and to provide the administrative resources necessary to comply with Title IV, HEA program requirements. 34 C.F.R. § 668.171(a).

On March 30, 2021, FCSL informed the Department that it had "finalized an opportunity to transition to a not-for-profit university" and provided the Department with a document entitled "ASSET PURCHASE AGREEMENT by and between Florida Coastal School of Law, Inc. and Campbellsville University Dated as of March 30, 2021" ("Asset Purchase Agreement") . Schedule 2.22(a), entitled "Educational Approvals and Reviews", contained a summary regarding FCSL's standing with its accreditor, the American Bar Association ("ABA"). This summary disclosed, among other things, that while FCSL remained ABA-accredited, the ABA had, during its August 13-14, 2020 meeting, reviewed a Site Report from a March 1-4, 2020 visit at FCSL; that it had reason to believe that FCSL was not in compliance with several standards of accreditation; that it did not have sufficient information to make a determination regarding compliance with certain other standards; and that it had requested a response from FCSL by January 15, 2021. The summary went on to indicate that at its February 18-19, 2021 meeting, the ABA had reviewed FCSL's submissions and determined that the institution is not in compliance with Standards 310 (determining credit hours awarded for coursework), 311 (prohibition on enrollment that exceed 20% of the total credit hours required for graduation), 402 (sufficient number of full time faculty), 508 (provision of career counseling), 510 (maintenance of student complaints for the appropriate time period), 601 (maintenance of a law library consistent with the Standards), 603 (employment of a full time director of the law library) and 604 (sufficiency of the library staffing). The summary disclosed that the ABA has requested responses regarding FCSL's compliance with these, as well as several other accreditation standards, by July 1, 2021.

The Department's review of FCSL's website and catalog disclosed that the institution states that it provides practical training provided by experienced full-time faculty, offers a law library that provides students access to an expansive collection of information and lawyer-librarians who provide students with access to materials necessary to prepare them for their legal careers, and maintains a Center for Professional Development that provides support for students in all stages of the career planning process. Based upon the summary of ABA-identified deficiencies included in statements in Schedule 2.22(a) of the Asset Purchase Agreement, FCSL is not providing the instructional, library, and career services that it advertises, nor is it meeting its obligations to correctly determine student eligibility for Title IV, HEA program funds.

Based upon all of the facts set forth above, the Department has determined that FCSL has failed to demonstrate that it is financially responsible under the provisions and standards established in 34 C.F.R. 668, Subpart L. Further, because the Department's determination that FCSL is not financially responsible is based upon other material deficiencies in addition to Holding's failing composite scores, FCSL cannot qualify for participation under the letter of credit alternatives set forth at 34 C.F.R. § 668.175. The Department must therefore deny FCSL's application for reinstatement.

The Department further notes that FCSL's participation in the Title IV, HEA programs ended on March 31, 2021 because Sterling Capital Partners, L.P. ("Sterling"), owner of 98.6 percent of Holding, refused to sign the program participation agreement (PPA) the Department sent to FCSL on March 26, 2021, and thereby take joint fiduciary responsibility for administering the Title IV, HEA program funds received by FCSL. The Department notified FCSL of the requirement to provide the signatures from Sterling in November of 2020, and FCSL responded that Sterling was unable to provide the signatures. After obtaining the documents with the alleged limitations through multiple requests, the Department reviewed them and rejected the claim by FCSL. Sterling then relinquished its ownership interest in FCSL on April 5, 2021, just prior to FCSL's April 7, 2021 application for reinstatement, rather than sign any new PPA issued to FCSL. Sterling's refusal to take unequivocable responsibility for FCSL's future Title IV compliance, and for any liabilities resulting from noncompliance and possible closure, is telling. Sterling is choosing to walk away rather than use its resources to support FCSL's continued participation in the Title IV, HEA programs. The fact that Sterling is no longer an owner of FCSL represents a material change that has eliminated the financial protections that the Department previously determined would be obtained by requiring Sterling to sign the FCSL PPA. These circumstances further support the decision to deny reinstatement under FCSL's current ownership.

## II. FCSL Does Not Meet the Fiduciary Standard of Conduct

Institutions that participate in the Title IV, HEA programs, along with their owners, must adhere to a fiduciary standard of conduct, and must at all times act with the competency and integrity required of a fiduciary. 34 C.F.R § 668.82(a),(b). In the capacity of a fiduciary, the institution is subject to the highest standard of care and diligence in administering its participation in the Title IV, HEA programs. *Id.*

The Department notes that FCSL has been in contact with the Department for the past several years regarding a number of issues: its aspirations to convert to a nonprofit and/or be acquired by an existing non-profit institution; its failure to meet the standards of financial responsibility and consequent requirement that it provide a letter of credit to the Department; its desire to enter into a settlement agreement to, among other things, limit FCSL's exposure to liabilities associated with InfiLaw's operation of CSL and ASLS; and its pending application for recertification. The Department also notes that during these ongoing discussions FCSL has not kept the Department apprised of developments and issues with regard to its ABA accreditation, and that there have been multiple instances wherein FCSL did not inform the Department, or inform it timely, of significant events that have taken place with regard to its ownership structure.

For example, in correspondence with the Department subsequent to August of 2020, FCSL repeatedly stated that it is fully accredited by the ABA, and that it is not under any ABA sanctions. FCSL did not, however, disclose that the ABA had determined during its August 2020 meeting that it had reason to believe that FCSL was not in compliance with several accreditation standards and lacked the information to determine compliance with other standards. FCSL also did not disclose that at its February 2021 meeting, the ABA had determined that FCSL was not in compliance with several standards, and had requested further documentation with regard to FCSL's compliance with these and other standards, to be provided by July 1, 2021. FCSL disclosed all of these facts to Campbellsville University in the Asset Purchase Agreement, yet never advised the Department of the issues. This failure to disclose information relevant to the ongoing discussions between FCSL and the Department was potentially misleading and not in accordance with FCSL's fiduciary obligations to the Department.

In addition, on April 22, 2020, Sterling, which as stated above owned 98.6% of Holding at the time, waived certain rights under Holding's operating agreement. In particular, Sterling waived all voting rights (see Section 6.4(e) of Holdings' operating agreement); the right of Sterling to designate members of InfiLaw's Board pursuant to Section 5.1(b) of the operating agreement; and any right of Sterling to prevent a quorum of any meeting of the members of Holding pursuant to Section 6.4(f) of the operating agreement. These changes in control were relevant to the ongoing discussions between FCSL and the Department, and although FCSL (through counsel) notified the Department of these changes on April 24, 2020, it did not provide the documentation of changes (including copies of the waivers) until June 1, 2020, despite the Department's request for that documentation on May 12, 2020.

The Department further notes that the Asset Purchase Agreement that FCSL provided to the Department on March 30, 2021 along with its request that the Department maintain a program participation agreement for FCSL, references other separate agreements and contracts that were not also provided to the Department. For example, Exhibit D of the Asset Purchase Agreement is represented to be a list of contracts to be assumed by the purchaser, but the document marked "Exhibit D" is blank. In addition, Schedule 2.21, Affiliate Transactions, of the Asset Purchase Agreement references a "Consortium Shared Services Agreement with Inspiras of Jacksonville, LLC." Inspiras of Jacksonville, LLC is described in Holding's FY July 31, 2020 audited financial statements as a wholly owned subsidiary of Inspiras Management Services, LLC, which is owned and operated by InfiLaw, and which provided "certain educational services to FCSL

during the year ended July 31, 2020". If Campbellsville University's purchase of the assets of FCSL in any way requires the university to continue contracts with InfiLaw for the provision of educational services, this is a material fact that FCSL should have affirmatively disclosed to the Department as a part of the information about the transaction with Campbellsville University, and a copy of the contract should have been provided.

FCSL's failure to adhere to the fiduciary standard with regard to its provision of information to the Department demonstrates that it cannot be relied upon to deal fairly and transparently with regard to any eligibility issues, changes, or applications, including applications for changes in ownership and control of the institution. The Department must therefore deny FCSL's application for reinstatement.

## III. FCSL Does Not Meet the Standards of Participation

In order to begin participation in the Title IV, HEA programs, an institution must meet the standards of participation set forth at 34 C.F.R Part 668, Subpart B, including the standards of administrative capability set forth at 34 C.F.R. § 668.16. Among the standards of administrative capability are the requirements that the institution administer the Title IV HEA programs in accordance with all applicable statutory and regulatory provisions, administer the Title IV, HEA programs with adequate checks and balances in its system of internal controls, and not otherwise appear to lack the ability to administer the Title IV, HEA programs competently. Only institutions able to meet these standards have the requisite administrative capability to be approved to participate in the Title IV, HEA programs. 34 C.F.R. § 668.16(a)(1).

As further set forth in the fiduciary section above, FCSL has not kept the Department apprised of reviews and actions taken by ABA with regard to its accredited status, and of significant events that have taken place in its ownership structure, even though this information is material to decisions pending before the Department. The Department has therefore determined that FCSL has failed to demonstrate that it meets the standards of administrative capability set forth at 34 C.F.R. § 668.16, and that its application for reinstatement must be denied.

Should FCSL have factual evidence to dispute the Department's findings, and demonstrate their inaccuracy, FCSL may submit that evidence via overnight mail to me at the following address:

Administrative Actions and Appeals Service Group
U.S. Department of Education
Federal Student Aid/Partner Enforcement and Consumer Protection
830 First Street, NE (UCP-3, Room 84F2)
Washington, DC 20002-8019

If any such material is received within 10 days of the date of this letter, it will be reviewed and FCSL will be notified if the reinstatement denial will be modified, rescinded, or left in place.

In the event that FCSL reapplies for reinstatement in the future, the deficiencies noted in this letter must be addressed. Please contact Kathleen Hochhalter at (303) 844-4520 if you have any questions regarding the content of this notice.

Sincerely,

Susan D. Crim

Susan D. Crim
Director
Administrative Actions and Appeals Service Group

cc: William B. Adams, Jr., Managing Director, Accreditation and Legal Education, American Bar Association, via William.adams@americanbar.org
Sam Ferguson, Director, Commission for Independent Education, Florida Department of Education, via sam.ferguson@fldoe.org
Department of Defense, via osd.pentagon.ousd-p-r.mbx.vol-edu-compliance@mail.mil
Department of Veteran Affairs, via INCOMING.VBAVACO@va.gov
Consumer Financial Protection Bureau, via CFPB_ENF_Students@cfpb.gov