UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| FLORIDA COASTAL SCHOOL OF LAW,<br><br>      Plaintiff,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>      Defendants. | No. _____<br><br><br>**Declaration of Donald J. Polden** |

## **DECLARATION OF DONALD J. POLDEN**

I, Donald J. Polden, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I have been involved with the accreditation process of the American Bar Association Section of Legal Education and Admissions to the Bar ("Section") of the American Bar Association ("ABA") which is the official "accreditor" of American legal education. Since the 1980's, my involvement with the accreditation process has been as a chair and member of teams assembled by the Section to conduct on-site evaluations of law schools' applications for continuing "approval" and recognition as an accredited provider of legal education, as the Chair of the Section's Standards Review Committee (which was charged with revising and updating the Standards for Approval of U.S. Law Schools), and as a special investigator of the Section for a law school merger.

1

2. Over that time, I have served on roughly 14 site inspection teams, where I reviewed various law schools' compliance with the applicable ABA Standards and Rules of Procedure. As part of that process, I investigated the schools' practices, procedures, and operations and reported each team's factual findings about the schools' demonstration of compliance with the Standards.

3. On about half of the site teams, I served as the Chair of the team, and, in that role, I led teams of approximately seven professional educators, judges and lawyers in conducting a thorough review of the schools' applications for continuing recognition by the ABA Section as an approved law school. This role required knowledge about and experience with the Standards and Rules of Procedure promulgated by the Section and the Section's processes for review and approval of law schools.

4. The most recent site inspection team on which I served took place from September 21-23, 2021, at an ABA accredited law school in Ohio. I served as the Chair of that team.

5. From 2008 to 2011, I served as the Chair of the ABA Section's Standards Review Committee, which was charged with revising the accreditation rules and substantive standards for American legal education. As part of that process, I led the Committee in a comprehensive review of the ABA Standards and accreditation processes. The Committee reviewed all the accreditation policies and recommended ways to update the Standards to enhance the ABA's oversight of law schools and increase the accountability of ABA approved law

FCSL - 000084

schools. The revised Standards and Rules were approved by the Council of the Section, which is the official accrediting agency.

6. I have also served as the dean of two law schools. As dean, I was required to monitor each school's compliance with ABA Standards and adapt school policies and practices to ensure continued compliance with the Standards. I was also responsible for overseeing those schools' responses to ABA site evaluation team reports and Section (Council) requests for additional information on the schools' compliance efforts. I also led the schools' responses to Council findings of noncompliance including remedial steps to address the schools' perceived shortcomings and report those remedial steps to the Council.

7. In my nearly 40 years of experience participating in and overseeing ABA accreditation matters, I have become very familiar with the ABA's accreditation processes, including its oversight of law schools' compliance with the Standards and its enforcement of the Standards when a school is found to be out of compliance.

8. In my experience, the ABA, through the Section and the Council, routinely makes findings that an approved law school is, or may be, out of compliance with one or more of the ABA Standards.

9. Commonly the Council will, in those situations, either require the school to take actions to come into compliance with the Standards or, if the Council is unsure if the school is not in compliance, to produce additional

3

information to the Council that will permit it to make a determination as to the school's compliance.

10. When the Council makes a finding that a member school is not in compliance, or there is reason to believe it is not in compliance, with one or more of the ABA Standards, it requires that the school take necessary and appropriate action to improve those areas of its operations that caused concern by the Council.

11. However, findings that a school is or may not be in compliance does not necessarily mean that the school is failing to provide appropriate educational services to its students.

12. In my experience, most law schools that undergo a periodic evaluation are found to be out of compliance with one or more Standards or are asked to produce additional information to permit the Council to determine if the school is, or is not, in compliance with particular Standards.

13. The school is then given a period of time (usually a few months) to produce information that it is in compliance with the Standards.

14. However, a finding that a school is not in compliance with a Standard does not mean that the school will lose its approved status, is unworthy of ABA approval, or is failing to meet the educational needs of its students.

15. Again, in my experience, some of the ABA Standards call for specific actions or policies by approved schools, but many of the Standards do not articulate bright line requirements and generally involve subjective assessments

FCSL - 000086

of a member school's ability to develop and implement complicated policies and procedures articulated in the Standards.

16. In my experience, most schools' accreditation review process results in a substantial back and forth between member schools and the Council (and the Office of the Managing Director of the Section) to address those issues and demonstrate the success of the school's various initiatives. It is also not unusual for a school to pose questions to the Office of Managing Director to gain clarity in precisely why the Council may not believe the school is in compliance with particular Standards and interpretations of those policies.

17. Absent specific circumstances, the ABA can only issue sanctions if it determines that a member law school's noncompliance with the Standards is "[s]ubstantial or persistent." *See* Rule 15 of the ABA Rules of Processes and Procedures.

18. Because findings of noncompliance and requests for additional information to determine compliance are routine, the Council generally does not issue sanctions for such findings and instead allows member law schools time to address the findings and an demonstrate its ability to bring itself into compliance.

19. I have had an opportunity to review the correspondence between Florida Coastal School of Law and the Office of Managing Director, including the February 21, 2021 Decision letter, on the school's efforts to complete its periodic review and address areas of concern identified by the Council. In particular, I

examined the Council's findings that Florida Coastal may not be in compliance with the several Standards, including:

    a. 310 (determining credit hours)

    b. 311 (prohibition on enrollment that exceed 20% of the total credit hours required for graduation)

    c. 402 (sufficient number of full time faculty)

    d. 508 (provision of career counseling)

    e. 510 (maintenance of a law library consistent with the standards)

    f. 603 (employment of a full time director of the law library)

    g. 604 (sufficiency of library staffing)

20. These are Standards that, in my experience as a dean and site team chair, other approved law schools have been asked to address and provide additional information concerning those law schools' efforts to comply with the Council's concern that they are not in compliance with the applicable Standards.

****

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of July 2021 in the State of New Jersey.

                                          /s/Donald J. Polden*
                                          Donald J. Polden

*I certify that I have the signed original of this document that is available for inspection during normal business hours by the court or a party to this action.

                                          /s/ David A. Obuchowicz
                                          Attorney for Florida Coastal School of Law

FCSL - 000088