September 10, 2020

Peter Goplerud, President         Sent by email to:  pgoplerud@fcsl.edu
Florida Coastal School of Law
8787 Baypine Road
Jacksonville, FL 32256-8528

RE:    Final Program Review Determination
        OPE ID: 03374300
        PRCN: 2019-4-11-30066

Dear Peter Goplerud:

The U.S. Department of Education's (Department's) Office of Federal Student Aid issued a program review report on September 11, 2019 covering Florida Coastal School of Law's (FCSL) administration of programs authorized  by Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. (Title IV, HEA programs), for the 2017-2018 and 2018-2019 award years.  FCSL's first response was received on November 12, 2019.  FCSL's final response was received on November 19, 2019.  A copy of the program review report (and related attachments) and FCSL's response are attached.  Any supporting documentation submitted with the response is being retained by the Department and is available for inspection by FCSL upon request.  Additionally, this Final Program Review Determination (FPRD), related attachments, and any supporting documentation may be subject to release under the Freedom of Information Act (FOIA) and can be provided to other oversight entities after this FPRD is issued.

**Purpose:**

Final determinations have been made concerning all of the outstanding findings of the program review report. The purpose of this letter is to: (1) identify liabilities resulting from the findings of this program review report, (2) provide instructions for payment of  liabilities to the Department, (3) notify the institution of its right to appeal, (4) close the review, and (5) notify FCSL that due to the serious nature of one or more of the enclosed findings, this FPRD is being referred to the Department's Administrative Actions and Appeals Service Group (AAASG) for its consideration of possible adverse action.  Such action may include a fine, or the limitation, suspension or termination of the eligibility of the institution.  Such action may also include the revocation of the institution's program participation agreement (if provisional), or, if the institution has an application pending for renewal of its certification, denial of that application.  If AAASG initiates any action, a separate notification will be provided which will include information on institutional appeal rights and procedures to file an appeal.

This FPRD contains one or more findings regarding FCSL's failure to comply with the requirements of the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act (the Clery Act) in Section 485(f) of the HEA, 20 U.S.C. § 1092(f), and the

Federal Student Aid
*An OFFICE of the U.S. DEPARTMENT of EDUCATION*
School Participation Division – Multi-Regional & Foreign Schools **FCSL - 000100**
StudentAid.gov

Florida Coastal School of Law
03374300
2019-4-11-30066
Page 2 of 4

Department's regulations in 34 C.F.R. §§ 668.41 and 668.46.  Since a Clery Act finding does not result in a financial liability, such a finding may not be appealed.  However, as noted above, this FPRD is being referred to AAASG for possible adverse administrative action.  If an adverse administrative action is initiated, additional information regarding FCSL's appeal rights with regard to such an action will be included as part of AAASG's notice.

This FPRD or FAD contains one or more findings regarding FCSL's failure to comply with the requirements of the Drug-Free Schools and Communities Act Amendments of 1989 as reflected in Section 120 of the HEA, 20 U.S.C. § 1011(i), and the Department's regulations in 34 C.F.R. Part 86.  Since such a finding does not result in a financial liability it may not be appealed at this time.  However, as noted above, this FPRD is being referred to AAASG for possible adverse administrative action.  If an adverse administrative action is initiated, additional information regarding FCSL's appeal rights with regard to such an action will be included as part of AAASG's notice.

The total liabilities due from the institution from this program review are $16,999.89.

This final program review determination contains detailed information about the liability determination for all findings.

**Protection of Personally Identifiable Information (PII):**

PII is any information about an individual which can be used to distinguish or trace an individual's identity (some examples are name, social security number, date and place of birth).  The loss of PII can result in substantial harm, embarrassment, and inconvenience to individuals and may lead to identity theft or other fraudulent use of the information.  To protect PII, the findings in the attached report do not contain any student PII.  Instead, each finding references students only by a student number created by Federal Student Aid.  The student numbers were assigned in Appendix A, Student Sample.  All appendices were encrypted and sent separately to the institution via e-mail.

**Appeal Procedures:**

If FCSL elects to appeal to the Secretary of Education for a review of the financial liabilities established by this  FPRD, the institution must file a written request for a hearing.  Please note that institutions may appeal financial liabilities only.  The Department must receive FCSL's request no later than 45 calendar days from the date FCSL receives this  FPRD.  **The Department requests that FCSL submit an original and four copies of its complete request for review**.  The request must be sent to:

> Attn: Susan Crim, Director
> Administrative Actions and Appeals Service Group
> U.S. Department of Education
> Federal Student Aid/Partner Enforcement and Consumer Protection
> 830 First Street, NE UCP3, Room 84F2
> Washington, DC 20002-8019

Florida Coastal School of Law
03374300
2019-4-11-30066
Page 3 of 4

**FCSL's** appeal request must:

> (1) indicate the findings, issues, and facts being disputed;
> (2) state the institution's position, together with pertinent facts and reasons supporting its position; and
> (3) include a copy of the FPRD received by the school.

When it submits its request for appeal, the institution may also include documentation it believes the Department should consider in support of the appeal. **Please note that any additional documentation submitted with the institution's appeal request, other than items 1-3 above, will only be used by the Administrative Actions and Appeals Service Group (AAASG) to determine whether the appealed liabilities can be resolved or reduced prior to the transmittal of the appeal to the Department's Office of Hearings and Appeals (OHA).** As a result, please submit **no more than three copies** of any additional documentation, other than itmes 1-3 above, that the institution would like to have informally considered. The additional documentation, not part of items 1-3 above, provided with the institution's appeal request will NOT be delivered to OHA as part of the appeal request. Instead, the parties will submit filings to OHA (including any supporting documentation) in accordance with the Hearing Official's orders after the matter has been assigned to the official, as described below.

If any appeal documents include personally identifiable information (PII), the PII must be redacted, except for the student's name and last four digits of his/her social security number (please see the enclosed document, "Protection of Personally Identifiable Information," for instructions on how to mail records containing PII).

If the institution's appeal is timely, **and there remains unresolved liabilities after review by AAASG,** the request for appeal will be transmitted to the Department's Office of Hearings and Appeals (OHA), for an administrative hearing in accordance with § 487(b)(2) of the HEA, 20 U.S.C. § 1094(b)(2). The Hearing Official assigned to the case will issue an order scheduling the submission of briefs and supporting evidence in accordance with 34 C.F.R. § 668.114(c). The institution may therefore submit additional documentation supporting its appeal request at that time. Further, if the institution is appealing a projected liability amount, it may provide detailed liability information from a complete file review, either at the time it initially submits it appeal request or pursuant to the proceedings at OHA. The procedures followed with respect to FCSL's appeal are those provided at 34 C.F.R. Part 668, Subpart H. Interest on the appealed liabilities shall continue to accrue at the applicable value of funds rate, as established by the United States Department of Treasury, or if the liabilities are for refunds, at the interest rate set forth in the loan promissory note(s).

**Record Retention:**

Program records relating to the period covered by the program review must be retained until the later of: resolution of the loans, claims or expenditures questioned in the program review; or the end of the retention period otherwise applicable to the record under 34 C.F.R. §§ 668.24(e)(1), (e)(2), and (e)(3).

FCSL - 000102

Florida Coastal School of Law
03374300
2019-4-11-30066
Page 4 of 4

The Department expresses its appreciation for the courtesy and cooperation extended during the review.  If the institution has any questions regarding this letter, please contact Butch Smith at 214-661-9514 or via email at butch.smith@ed.gov.  Questions relating to any appeal of the FPRD should be directed to the address noted in the Appeal Procedures section of this letter.

Sincerely,



Michael Frola
Division Director

Enclosure:
Protection of Personally Identifiable Information
Program Review Report (and appendices)
Final Program Review Determination Report (and appendices)

cc:      ████████, Financial Aid Administrator
        ██████, FL Commission for Independent Education - Florida Department of Education
        ████████ American Bar Association
        Department of Defense
        Department of Veterans Affairs
        Consumer Financial Protection Bureau



**Prepared for**
**Florida Coastal School of Law**

**OPE ID: 03374300**
**PRCN: 2019-4-11-30066**

**U.S. Department of Education**
**Federal Student Aid**
**Multi-Regional and Foreign Schools Participation Division**

# Final Program Review Determination
September 10, 2020

830 First Street, N.E. UCP-III. 7th Floor
Washington, D.C. 20202
StudentAid.gov

**FCSL - 000104**

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 2

# Table of Contents

| | | |
|---|---|---|
| A. | Institutional Information…………………………………………… | #3 |
| B. | Scope of Review…………………………………………………… | #4 |
| C. | Final Determinations……………………………………………... | #4 |
| | Resolved Findings/Findings without Liabilities………………………. | #4 |
| | Findings with Established Liabilities……………………………….... | #6 |
| | Finding #2.  Satisfactory Academic Progress (SAP) Not Developed/Monitored and Ineligible Student – Not Making SAP…………………………………………... | #7 |
| | Finding #3.  Return of Title IV Funds Inaccurate……………………... | #9 |
| | Finding #7.  Inaccurate Disbursement Information Reported to Common Origination and Disbursement (COD) System.. | #13 |
| | Campus Safety and Security Findings………………………………… | #14 |
| | Finding #10.  Crime Awareness Requirements Not Met……………… | #14 |
| | Finding #11.  Drug and Alcohol Abuse Prevention Program (DAAPP) Requirements Not Met…………………………………... | #18 |
| D. | Summary of Liabilities……………………………………………… | #20 |
| E. | Payment Instructions………………………………………………... | #20 |
| F. | Appendices…………………………………………………………. | #24 |
| | Appendix A:  Program Review Student Sample……………………… | |
| | Appendix B:  Program Review Report………………………………... | |
| | Appendix C:  Institution's Written Response…………………………. | |
| | Appendix C-1:  FCSL Program Review Response Dated November 13, 2019……………………………… | |
| | Appendix C-2:  FCSL Program Review Response Dated November 19, 2019……………………………… | |
| | Appendix C-3:  Satisfactory Academic Progress Reconstruction Dated November 13, 2019……………………….. | |
| | Appendix C-4:  Satisfactory Academic Progress Reconstruction Dated February 18, 2020..……………………….. | |
| | Appendix C-5:  Satisfactory Academic Progress Reconstruction Dated March 03, 2020..………………………….. | |
| | Appendix C-6:  Return of Title IV Reconstruction Dated November 13, 2019……………………………… | |
| | Appendix D:  Estimated Loss – Florida Coastal School of Law – Finding 2…………………………………………. | |
| | Appendix E:  Cost of Funds – Florida Coastal School of Law – Finding 3…………………………………………. | |
| | Appendix F:  Estimated Loss – Florida Coastal School of Law – Finding 4…………………………………………. | |
| | Appendix G:  Cost of Funds – Florida Coastal School of Law – Finding 7…………………………………………. | |

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 3

## A.  Institutional Information

Florida Coastal School of Law
8787 Baypine Road
Jacksonville, FL 32256-8528

Type: Proprietary

Highest Level of Offering: Juris Doctor

Accrediting Agency: American Bar Association

Current Student Enrollment: 383 (Fall 2017)

Title IV Participation (National Student Loan Data System):

| TITLE IV, HEA PROGRAM | AWARD YEAR 2017-2018 | AWARD YEAR 2016-2017 |
|---|---|---|
| Federal Direct Unsubsidized Loan | $6,547,565.00 | $12,699,698.00 |
| Federal Direct PLUS Loan | $9,607,198.00 | $19,392,719.00 |
| Federal Work Study | $31,053.00 | $85,552.00 |
| **Total** | **$16,185,816.00** | **$32,177,969.00** |

Default Rate FFEL/DL:   2014   1.7%
                        2015   2.5%
                        2016   1.4%

FCSL - 000106

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 4

**B. Scope of Review**

The U.S. Department of Education (the Department) Office of Federal Student Aid
conducted a program review at Florida Coastal School of Law (FCSL) from August 12,
2019 to August 16, 2019.

The focus of the review was to determine FCSL's compliance with the statutes and
regulations as they pertain to the institution's administration of the Federal student aid
programs under Title IV of the Higher Education Act of 1965, as amended, U.S.C. §§
1070 et seq. (Title IV programs).  The review consisted of, but was not limited to, an
examination of FCSL's policies and procedures regarding institutional and student
eligibility, individual student financial aid and academic files, attendance records, student
account ledgers, and fiscal records.

The Department identified a sample of 33 files for review from the 2017-2018 and 2018-
2019 (year to date) award years.  The Department randomly selected the files from a
statistical sample of the total population receiving Title IV, HEA program funds for each
award year.  Appendix A lists the names and social security numbers of the students
whose files were examined during the program review.

The Department issued its Program Review Report (PRR) on September 11, 2019
(Appendix B).  FCSL submitted its first written response to the PRR on November 12,
2019, included in Appendix C-1.  FCSL provided an additional response on November
19, 2019, included in Appendix C-2.  In both of responses, November 12, 2019 and
November 19, 2019, FCSL provided student names.  Although this does not qualify as a
breach of personally identifiable information, the Department has redacted the responses
to remove the student names in both Appendix C-1 and C-2.

**Disclaimer:**

Although the review was thorough, it cannot be assumed to be all-inclusive.  The absence
of statements in the report concerning FCSL's specific practices and procedures must not
be construed as acceptance, approval, or endorsement of those specific practices and
procedures.  Furthermore, it does not relieve FCSL of its obligation to comply with all of
the statutory or regulatory provisions governing the Title IV, HEA programs.

**C. Final Determinations**

**Resolved Findings/Findings without Liabilities**

FCSL has taken the corrective actions necessary to resolve Findings #1.  Lack of
Administrative Capability, #4.  Federal Direct Loan Overaward – Cost of Attendance
Exceeded, #5.  Student Credit Balance Deficiency, #6.  NSLDS Student Status –
Untimely/Incorrect Reporting, #8.  Record Retention, and #9.  Return of Title IV Funds

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 5

Policy Inadequate of the Program Review Report.  Therefore, these findings may be considered closed for the purposes of the Program Review.  FCSL's written response to these findings are contained in Appendix C-1, November 12, 2019 response.  Though these findings are being closed, the Department will address Findings #4.  Federal Direct Loan Overaward – Cost of Attendance Exceeded, #5.  Student Credit Balance Deficiency, and #8.  Record Retention to include some basic detail of FCSL's response and provide a Department response.

**Finding #4.  Federal Direct Loan Overaward – Cost of Attendance Exceeded**

FCSL concurred with Student #26 and did respond in an acceptable manner to the required actions within the report.  However, FCSL challenged the Department's assessment of Student #1.  FCSL stated that $408.00 the student paid included a seat deposit of $400.00 and $8.00 for a transcript, which should not be counted towards the student's cost of attendance.

According to FCSL's 2017-2018 catalog, "Each applicant, upon being admitted, must pay a seat deposit of $400.  This deposit will be credited to the student's tuition upon registration."  Therefore, the $400.00 seat deposit defrays the cost of tuition and counts as a resource.  The Department also notes, via the student's ledger, that the additional $8.00 counted towards the student's tuition; therefore, it too counts as a resource.

The total amount of Direct Loans that FCSL improperly disbursed during the 2017-2018 and 2018-2019 award years for this finding is $7,833.00.  However, in lieu of requiring the institution to assume the risk of default by purchasing the ineligible loans from the Department, or asserting a liability for the entire loan amount, the Department determines a liability for the estimated loss (EL) that the government may incur with respect to the ineligible loans.  As a result of this calculation, no liability based on estimated loss will be established for this finding.  Appendix F contains the results of the calculation of the EL.  However, the Department reminds FCSL of its fiduciary duty to adhere to Cost of Attendance standards, along with following its internal policies and procedures relating to resources that defray a student's tuition.

**Finding #5.  Student Credit Balance Deficiency**

FCSL disagrees with this finding.  FCSL contends this was an overaward and not a true credit balance because it occurred during FCSL's "add-drop" period.  Therefore, returning the Title IV funds back to the Federal Direct PLUS program was appropriate.

The Department disagrees with this assessment.  34 C.F.R. § 668.164(h) does not provide a provision for negating a credit balance because of an institution's "add-

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 6

drop" period.  As described in the Program Review Report (PRR), FCSL did not
provide the entirety of Student #30's credit balance to the student and returned a
portion back to the Title IV program.  Student #30 was still eligible for the
remaining portion of their credit balance returned to the Title IV program despite
a reduction in tuition, which adjusted the student's cost of attendance.

FCSL did respond in an acceptable manner to the required actions in the PRR.
However, the Department recommends adding an additional point in its revised
procedures that discusses cost of attendance and a student's eligibility up to cost
of attendance, which could result in a credit balance.  Nevertheless, this finding is
closed.

**Finding #8.  Record Retention**

FCSL does not concur with this finding.  FCSL contended its processes, which it
described in its response, met the requirements for record retention.  Additionally,
FCSL indicated that it has never had a finding for record retention in 13 years,
which is the length of time FCSL has used their current student information
system CampusVue.

The Department disagrees with this interpretation.  FCSL, as demonstrated by its
inability to provide supporting documentation for attendance for some students
during the onsite program review and lack of record retention policies relating to
supporting documentation for attendance, did not maintain reports and forms used
by the institution and any records needed to verify data that appear in those reports
and forms, along with established record retention policies to keep this information
for three years after the end of the award year in which the records are submitted in a
systemically organize manner.  The fact that FCSL has not had this as a finding in
13 years is irrelevant.

However, FCSL did respond in an acceptable manner to the required actions in the
PRR.  This finding is closed.

**Findings with Established Liabilities**

The final program review report findings with liabilities requiring further action are
summarized below.  At the conclusion of each finding is a summary of FCSL's response
to the finding, and the Department's final determination for that finding.  A copy of the
program review report issued on September 11, 2019 is attached as Appendix B.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 7

### Finding #2.  Satisfactory Academic Progress (SAP) Not Developed/Monitored and Ineligible Student – Not Making SAP

**Summary of Noncompliance:**  In accordance with 34 C.F.R. §§ 668.16(e) and 668.34, institutions are required to have a satisfactory academic progress (SAP) policy for purposes of determining student eligibility for assistance under a Title IV, HEA program. The institution must establish, publish, and apply reasonable standards for his or her educational program.  The Secretary considers an institution's standards to be reasonable if the SAP policy is the same or stricter than the institution's standards for a student enrolled in the same educational program who is not receiving Title IV, HEA program assistance.  However, at a minimum, the SAP policy must include the following components:

- A qualitative component which consists of grades, work projects completed, or comparable factors that are measurable against a norm: and
- A quantitative component that consists of the pace at which a student must progress through his or her educational program to ensure that the student will complete the program within the maximum timeframe in which a student must complete his or her educational program;
  - The quantitative component is calculated by dividing the cumulative number of hours the student has successfully completed by the cumulative number the student has attempted.

Provide for a determination at the end of each increment as to whether the student has met the qualitative and quantitative components of the standards.

Additionally, the FSA program regulations make no provision for the concept of academic amnesty or academic renewal.  Therefore, a school must always include courses applicable to a student's major (whenever taken) in evaluating a student's satisfactory academic progress (both qualitative and quantitative).  See *2018-19 Federal Student Aid Handbook, Volume 1, Chapter 1, pages 15-16.*

FCSL's policy is incomplete and fails to include all required description, statements, and required elements.  Specifically, FCSL's policy does not include:

- A quantitative component that consists of the pace at which a student must progress through his or her educational program to ensure that the student will complete the program within the maximum timeframe in which a student must complete his or her educational program

Additionally, FCSL has an internal policy of academic amnesty/renewal that allows students that have failed SAP and have left the school for a period of two years or more, to go through the re-admission process.  If these students are readmitted, FCSL erases

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 8

previous grades and credits attempted, which affects both the qualitative and quantitative components of SAP.

**Directives from PRR:**  The Department required FCSL to:
1. Update its policy and procedures to be in compliance with the SAP requirements of 34 C.F.R. § 668.34
   a. Provide a marked-up updated copy noting all changes being made as a result of this evaluation
2. Complete a full file review of all SAP evaluations using their updated policy and procedures, which will include the quantitative component and courses applicable to a student's major (whenever taken), for the 2017-2018 and 2018-2019 award years.  In order to test SAP in the award years covered by the review, FCSL had to begin with the student's first enrollment at FCSL, which may be before the award years covered by the review.  If a student would have failed SAP in any award year before 2017-2018, FCSL was required to note that in its response. The required format for submission of the results was included in Enclosure 2-A. FCSL was required to complete and provide, at a minimum, the attached worksheet for each award year, or generate its own electronic file in a similar format containing the information requested in the file review.  The Excel spreadsheet, or similar electronic file, was to be provided in the format identified in Enclosure 2-A in both hardcopy and electronic format (do not pdf the Excel file, or protect it from further formatting).

After reviewing the spreadsheet, or similar electronic file, prepared by FCSL, the Department may select a random sample of students, up to and including the entire population of students, to review to confirm the accuracy of the file reviews.  If a student was selected, FCSL was required to submit copies of the supporting documentation evidencing FCSL's SAP evaluations (quantitative and qualitative).

**Analysis of Liability Determination:**  FCSL summarized the regulations cited, along with the noncompliance section of the PRR.  FCSL did respond in an acceptable manner to the required actions within the report.  FCSL updated their SAP policy and procedures to align with 34 C.F.R. § 668.34, which now includes a quantitative component that will ensure students graduate within FCSL's accreditor and federal timeframe.

Using their updated SAP policy, FCSL conducted a full file review of all SAP evaluations and provided this information to the Department via an Excel spreadsheet. The Department subsequently requested additional information from FCSL in order to confirm the accuracy of the file review and establish what Title IV aid was disbursed after a student became ineligible due to the SAP review.  The Department randomly selected thirty students to confirm the accuracy of the file review.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 9

Upon review of the information provided, the Department determined that Title IV, HEA funds were disbursed to two students who were otherwise ineligible due to SAP.

- **Student #2-17** had a cumulative (Cum) grade point average (GPA) of 1.87 at the end of term 17-FL-SP-P and should have been placed on financial aid warning at the end of the term (below FCSL's minimum Cum GPA of 2.0).  The following term, 17-FL-SU-C1, the student's Cum GPA was 1.97, which would have caused this student to move to Financial Aid Suspension at the end of the term (below FCSL's minimum Cum GPA of 2.0).  The following term, 17-FL-FA-P, the student was ineligible for Title IV, HEA funds due to SAP but received $10,141.00 in Direct Unsubsidized and $20,101.00 in Direct PLUS loan funds.  FCSL did not indicate, nor provide, that the student had a successful SAP appeal.

- **Student #2-19** had a Cum GPA of 1.47 at the end of term 17-FL-FA-P and should have been placed on financial aid warning at the end of the term (below FCSL's minimum pre-spring 2015 matriculation Cum GPA of 1.6 for 1-15 hours).  The following term, 18-FL-SP-P, the student's Cum GPA was 1.57, which would have caused this student to move to Financial Aid Suspension at the end of the term (below FCSL's minimum pre-spring 2015 matriculation Cum GPA of 2.0 for 16-30 hours).  The student received aid for the following five terms, despite being ineligible for Title IV, HEA funds due to SAP.  FCSL did not indicate, nor provide, that the student had a successful SAP appeal.
  - 18-FL-SU-P – $10,141.00 in Direct Unsubsidized loan funds
  - 18-FL-FA-P – $10,141.00 in Direct Unsubsidized loan funds
  - 19-FL-SP-PR – $10,142.00 in Direct Unsubsidized loan funds
  - 19-SU-P – $10,142.00 in Direct Unsubsidized loan funds
  - 19-FA-P – $10,142.00 in Direct Unsubsidized loan funds

With regard to the Direct Loan funds, the institution is required to repay the estimated cost of making those loans available.  The total amount of ineligible Direct Loan funds disbursed to ineligible students is $80,950.00.  The estimated loss to the Department that has resulted or will result from those ineligible loans is based on the Department's cost data and FCSL's most recent cohort default rate available.  As a result, the estimated actual loss that FCSL must pay to the Department for the ineligible loans is $2,817.89.  A copy of the results of that calculation is included as Appendix D.

**Finding #3.  Return of Title IV Funds Inaccurate**

**Summary of Noncompliance:**  In accordance with 34 C.F.R. § 668.22, when a recipient of Title IV grant or loan assistance withdraws from an institution during a payment period or period of enrollment in which the recipient began attendance, the institution

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 10

must determine the amount of Title IV grant or loan assistance that the student earned as of the student's withdrawal date.  As required by 34 C.F.R § 668.22(j), an institution must return the amount of Title IV funds for which it is responsible under 34 C.F.R. §668.22(g) as soon as possible but no later than 45 days after the date of the institution's determination that the student withdrew, as defined in 34 C.F.R. § 668.22.

An institution must provide within 30 days of the date of the institutions determination that the student withdrew, a written notification to the student, or parent in the case of parent PLUS loans relating to post-withdrawal disbursements.  34 C.F.R. §668.22(a)(6)(iii)(A).  This can only be accomplished if an institution completes the return of Title IV funds calculation within 30 days.

Additionally, in accordance with 34 C.F.R. § 668.22(a), when a recipient of Title IV grant or loan assistance withdraws from an institution during a payment period or period of enrollment in which the recipient began attendance, the institution must determine the amount of Title IV grant or loan assistance that the student earned as of the student's withdrawal date.

34 C.F.R. § 668.22(e) states that the calculation of the amount of Title IV assistance earned by the student is calculated by determining the percentage of Title IV grant or loan assistance that has been earned by the student, and applying the percentage to the total amount of Title IV grant or loan assistance that was disbursed (and that could have been disbursed) to the student, or on the student's behalf, for the payment period or period of enrollment as of the student's withdrawal date.

34 C.F.R. § 668.22(e)(5)(i) states that for a student attending a standing term-based (semester, trimester or quarter) education program, the treatment of Title IV funds if a student withdraws must be determined on a payment period basis.

FCSL is an institution that is required to take attendance by their accreditor.  FCSL's method for taking and tracking attendance is manual through a roster, and the information is later transferred to the faculty portal, which is then imported into FCSL's student information system.

In reviewing return of Title IV funds calculations, the Department requested the physical sign-in sheets relating to all classes taken during the term a student's calculation was performed, in order to validate the last date of attendance used.  FCSL was unable to provide the physical sign-in sheets (see Finding #8 Record Retention for additional information).

FCSL failed to:
- Perform a return of Title IV funds calculation;
- Correctly calculate a return of Title IV funds calculation; and

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 11

- Return an amount of Title IV funds for which it was responsible timely.

**Directives from PRR:** Due to the inability of the Department to verify the last date of attendance used for all students who had return of Title IV funds calculations within the student sample, along with calculation errors, the Department required FCSL to complete a full file review of all students who ceased attendance without completing a period in which they received Title IV funds for award years 2017-2018 and 2018-2019 to identify the amount of institutional liabilities (if any).  The required format for submission of the results of this file review was included in Enclosure 3-A.  FCSL was required to complete and provide, at a minimum, the attached worksheet.  The attached worksheet contained a separate tab for each award year identified.  The Excel spreadsheet was to be provided in the format identified in Enclosure 3-A in both hardcopy and electronic format (do not pdf the Excel file, or protect it from further formatting).  Title IV awards were to be reported in the award year from which they were drawn.

After reviewing the spreadsheet prepared by FCSL, the Department may select a random sample of students, up to and including the entire population of withdrawn students, to review to confirm the accuracy of the file reviews.  If a student was selected, FCSL was required to submit copies of the supporting documentation such as but not limited to physical sign-in sheets/rosters, documentation pertaining to the last date of academically related activity, electronic attendance records, original return of Title IV funds calculations, corrected return of Title IV funds calculations, academic transcripts, student ledgers, etc.

Additionally, the Department required FCSL to:
1. Revise its return of Title IV policies and procedures, ensuring that calculation timelines and last date of attendance records are accurate
Provide a marked-up updated copy notating all changes being made as a result of this evaluation.

**Analysis of Liability Determination:**  FCSL summarized the regulations cited, along with the noncompliance section of the PRR.  FCSL challenged the Department's assessment of Students #17 and #33, and the Department agrees with FCSL.  FCSL did respond in an acceptable manner to the required actions within the report.

In its response, FCSL stated that the reason it was unable to provide the Department with the requested physical sign-in sheets relating to all classes taken during the term a student's return of Title IV funds calculation was performed, was due to the records being held by a former faculty assistant that is no longer with the institution.  However, FCSL was eventually able to locate the records in an onsite storage room.

FCSL conducted a full file review of all return of Title IV applicants during the requested award years and provided this information to the Department via an Excel spreadsheet.  The Department subsequently requested additional information from FCSL in order to

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 12

confirm the accuracy of the file review and establish liabilities.  The Department selected
the entire population of return of Title IV funds calculations performed during the 2017-
2018 and 2018-2019 award years, which included students not reviewed while onsite.
FCSL provided the requested documentation, along with a narrative summary of the
student sample.  Upon review, the Department determined additional regulatory
violations not noted in the PRR.  The Department addresses these below.  The student
numbers coincide with the findings Cost of Funds (COF), which is Appendix E.

As mentioned above, an institution must provide within 30 days of the date of the
institutions determination that the student withdrew, a written notification to the student,
or parent in the case of parent PLUS loans relating to post-withdrawal disbursements.  34
C.F.R. §668.22(a)(6)(iii)(A).  This can only be accomplished if an institution completes
the return of Title IV funds calculation within 30 days.

- **Student #3-1** initiated a withdrawal from FCSL on 09/29/2017.  FCSL calculated
  the return of Title IV funds on 11/08/2017, which is 41 days (11 days late).
- **Student #3-2** initiated a withdrawal from FCSL on 09/26/2017.  FCSL calculated
  the return of Title IV funds on 11/08/2017, which is 44 days (14 days late).
- **Student #3-3** initiated a withdrawal from FCSL on 10/09/2017.  FCSL calculated
  the return of Title IV funds on 11/08/2017, which is 31 days (one day late).

After review, the Department determined the liability to be $13,992.00 for Direct Loan
funds.

| Award Year | Direct Loan |
|------------|-------------|
| 2017-2018  | $1,747.00   |
| 2018-2019  | $12,245.00  |
| **Total**  | **$13,992.00** |

The interest due on the Direct Loan funds, known as the Cost of Funds (COF), is
identified below for each award year.  The amount is added to the funds during the year,
which results in the total Direct Loan liability that must be repaid.  A copy of the COF
calculation is included as Appendix E.

| Award Year | Liability  | Cost of Funds | Total Liability |
|------------|------------|---------------|-----------------|
| 2017-2018  | $1,747.00  | $27.00        | $1,774.00       |
| 2018-2019  | $12,245.00 | $39.00        | $12,284.00      |

FCSL must notify all students and/or borrowers in writing regarding payments made on
their behalf.  This notification must include the amount and date of the payments.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 13

Additionally, as discussed in detail later in this report, FCSL will have 45 days as of the date of this report to adjust records within the Department's Common Origination and Disbursement system.

**Finding #7.  Inaccurate Disbursement Information Reported to Common Origination and Disbursement (COD) System**

**Summary of Noncompliance:**  An institution makes a disbursement of Title IV, HEA program funds on the date the institution credits a student's account at the institution or pays a student or parent directly with funds received from the Secretary or institutional funds used in advance of receiving Title IV, HEA funds.  34 C.F.R. § 668.164(a).

An institution must establish and maintain, on a current basis, program records that document its disbursement and delivery of Title IV program funds and financial records that reflect each Title IV program transaction.  34 C.F.R. § 668.24(b)(2).  The records that an institution must maintain include but are not limited to documentation relating to each student's or parent's receipt of Title IV program funds.  This documentation includes but is not limited to:

- The date and amount of each disbursement or delivery of grant or loan funds;
- The amount, date and basis of the institution's calculation of any refunds or overpayments due to or on behalf of the student, or the treatment of Title IV funds when a student withdraws;
- The payment of any overpayment or the return of any Title IV program funds to the Title IV program fund, a lender or the Secretary, as appropriate; and
- Records of student accounts, including each student's institutional charges, cash payments, FSA payments, cash disbursements, refunds, returns and overpayments required for each enrollment period.  34 C.F.R. § 668.24(c).

The *2018-2019 COD Technical Reference, Volume II, Section 1, pages 98-99, number 3* states that the disbursement date is the date the money was credited to the student's account or paid to the student directly.  The disbursement date is not the date of the adjustment transaction.

There should be one definitive, complete, and accurate record of the charges and payments to each student's account.  FCSL is required to report the actual disbursement date for Federal Pell Grant and Federal Direct Loan disbursements.

FCSL did not accurately report disbursement dates to the Common Origination and Disbursement (COD) system as required for four reviewed students.

**Directives from PRR:**  The Department required FCSL to:

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 14

1. Provide a copy of its updated policies and procedures that will ensure that
   disbursement records for Direct Loan awards are accurately recorded and reported in
   COD
   a. Provide a marked-up updated copy notating all changes being made as a
      result of this evaluation
2. Correct the errors noted above
   a. Provide documentation that all misreported disbursement dates have been
      corrected

**Analysis of Liability Determination:**  Concerning the discrepancies between the record
transaction in COD and the account ledger disbursement date for students cited in the
PRR, the Department has reviewed FCSL's response as well as the revised policies and
procedures and concluded that this information is satisfactory.  In addition, FCSL noted
that Student #18's disbursement date in COD matched the student's ledger.  The
Department agreed and removed Student #18 from this finding's liabilities assessment.

Student-borrowers are charged interest on their loans from the disbursement date
recorded in the COD system.  If a disbursement is recorded in COD early, and the
Federal Direct Loan funds are not delivered to the student until a later date, the student
must pay interest on their loans for those days in which they did not have use of the
funds.  As a result, it is imperative the correct date be recorded.

FCSL is liable for the additional interest incurred by students between the COD
disbursement date and actual disbursement date.  The Department extrapolated the
interest cost due to the three students, four disbursements, as a result of the institution's
inaccurate recording of loan disbursements in COD to be $124.00.  See Appendix G for
details of the liability assessment.

**Campus Safety and Security Findings**

The following program review findings have been addressed by the institution and may
be considered closed for purposes of program review.  The Department will provide a
separate notice if an administrative action is initiated or additional corrective actions are
needed.

**Finding #10.  Crime Awareness Requirements Not Met**

**Summary of Noncompliance:**  The Jeanne Clery Disclosure of Campus Security Policy
and Campus Crime Statistics Act (Clery Act) and the Department's regulations require
that all institutions that receive Title IV program funds must, by October 1 of each year,
publish and distribute to its current students and employees through appropriate
publications and mailing, a comprehensive Annual Security Report (ASR) that contains,
at a minimum, all of the statistical and policy elements enumerated in 34 C.F.R. §
668.46(b).

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 15

The ASR must be prepared and actively distributed as a single document.  Acceptable
means of distribution include U.S. Mail, campus mail, hand delivery, or by posting the
ASR on the institution's website.  If an institution chooses to distribute its report by
posting to an internet or intranet site, the institution must, by October 1 of each year,
distribute a notice to all students and employees a statement of the report's availability
and a link to its exact electronic address, a description of its contents, as well as an
advisement that a paper copy will be provided upon request.  34 C.F.R. § 668.41(e)(1).
The regulations also require institutions to provide a notice containing this information to
all prospective students and employees.  This notice must also inform interested parties
about how to obtain a paper copy of the ASR.
34 C.F.R. § 668.41(e)(4).

An ASR must include statistics for incidents of crimes reported during the three most
recent calendar years.  The covered categories include criminal homicide (murder and
non-negligent manslaughter), sex offenses (rape, fondling, incest and statutory rape),
robbery, aggravated assault, burglary, motor vehicle theft, and arson.  In addition, an
institution's ASR must identify if any of the aforementioned crimes are hate crimes by
category of bias (larceny-theft, simple assault, intimidation and
destruction/damage/vandalism of property crimes are included in the ASR only if they
are hate crimes).  An institution's ASR must also contain statistics for dating violence,
domestic violence and stalking, as well as arrest and disciplinary referral statistics for
violations of certain laws pertaining to illegal drugs, illegal usage of controlled
substances, liquor, and weapons.  Furthermore, an institution's ASR must indicate if a
crime was "unfounded" and subsequently withheld from a crime statistic category.  The
statistics must be published for the following geographical categories: 1) on campus; 2)
on-campus student residential facilities (as a subset of category # 1); 3) certain non-
campus buildings and property; and 4) certain adjacent and accessible public property.
34 C.F.R. § 668.46(c).

An ASR must also include several policy statements.  These disclosures are intended to
inform the campus community about the institution's security policies, procedures, and
the availability of programs and resources as well as channels for victims of crime to seek
recourse.  In general, these policies include topics such as the law enforcement authority
and practices of campus police and security forces, incident reporting procedures for
students and employees, and policies that govern the preparation of the report itself.
Institutions are also required to disclose alcohol and drug policies and educational
programs.  Policies pertaining to sexual assault education, prevention, and adjudication
(including procedures for institutional disciplinary action in cases of alleged dating
violence, domestic violence, sexual assault, or stalking) must also be disclosed.

An institution must provide detailed policies of the issuance of timely warnings and
emergency notifications as well as its emergency response and evacuation procedures.
All required information referenced in 34 C.F.R. § 668.46(b) must be published in the

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 16

ASR.  With the exception of certain drug and alcohol program information, cross-referencing to other publications is not sufficient to meet the publication and distribution requirements of the Clery Act.  34 C.F.R. § 668.46(b).

Finally, each institution must also submit its crime statistics to the Department for inclusion in the Department's Campus Safety and Security (CSS) website.  34 C.F.R. § 668.41(e)(5).

FCSL failed to prepare, publish, and distribute an accurate and complete 2018 ASR to all current and prospective students, faculty, and staff.

**Directives from PRR:**  FCSL was required to:
1. FCSL must review and revise its existing internal policies and procedures that govern the preparation, publication, and distribution of its ASRs, and develop and implement any new policies and procedures as needed to ensure that all subsequent ASRs are accurate and complete.
2. An accurate and complete 2018 ASR must then be prepared, published, and distributed to the campus community.  A copy of the revised 2018 ASR and original 2018 ASR must be sent with the institution's official response to the program review report.
3. The Department must also receive documentation evidencing the distribution of the updated 2018 ASR with FCSL's response, as well as a certification statement attesting to the fact that the materials were provided in accordance with the Clery Act.  The certification must also affirm that the institution understands its Clery Act obligations and that all necessary corrective actions were taken to ensure that these violations do not recur.

**Analysis of Determination:**  FCSL expressed their understanding of the importance of providing a comprehensive annual security report (ASR).  FCSL mentioned ongoing efforts to improve their ASR through recommendations by an independent auditor.  FCSL stated that the independent auditor did not identify the items pointed out by the Department during the program review.  FCSL summarized the noncompliance section of the PRR and concurred with the finding.  FCSL did respond in an acceptable manner to the required actions within the report.
- Procedures, if any, that encourage pastoral counselors and professional counselors, if and when they deem it appropriate, to inform the persons they are counseling of any procedures to report crimes on a voluntary, confidential basis for inclusion in the annual disclosure of crime statistics.  34 C.F.R. § 668.46(b)(4)(iv);
- A statement of policy concerning the monitoring and recording through local police agencies of criminal activity by students engaged at off-campus locations

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 17

of student organizations officially recognized by the institution, including student organizations with off-campus housing facilities.  34 C.F.R. § 668.46(b)(7);

- A list of the possible sanctions that the institution may impose following the results of any institutional disciplinary proceeding for an allegation of dating violence, sexual assault, or stalking.  34 C.F.R. § 668.46(k)(1)(iii);
- Provide that proceedings will require simultaneous notification, in writing, to both the accuser and accused, of
  - the result of any institutional disciplinary proceedings that arises from an allegation of domestic violence, dating violence, sexual assault, or stalking;
  - the institution's procedures for the accused and the victim to appeal the results of the institutional disciplinary proceedings; if such procedures are available;
  - simultaneous notification, in writing to both the accuser and the accused of any change to the result; and
  - simultaneous notification, in writing to both the accuser and the accused when such results become final.  34 C.F.R. § 668.46(k)(2)(v).

Additionally, FCSL revised its procedures for preparing, publishing, distributing ASRs, and updated its 2018 ASR to include these findings, and redistributed the updated 2018 ASR.

FCSL is reminded that the exceptions identified above constitute serious and persistent violations of the Clery Act that, by their nature, cannot be cured.  There is no way to truly "correct" these types of violations once they occur.  FCSL's obligation to produce and distribute an accurate and complete ASR is the most basic requirement of the Clery Act and is fundamental to the law's campus safety goals.

FCSL asserted that it has taken adequate remedial actions and that by doing so, it is now in compliance with the Clery Act as required by its PPA.  Nevertheless, FCSL deprived its students and employees of important campus safety and crime prevention information to which they are entitled as a result of the violations documented by the program review. For these reasons, FCSL's remedial actions do not eliminate the possibility that the Department will impose an adverse administrative action and/or require additional corrective actions.  The Department will provide a separate notice if an administrative action is initiated or additional corrective actions are needed.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 18

### Finding #11.  Drug and Alcohol Abuse Prevention Program (DAAPP) Requirements Not Met

**Summary of Noncompliance:**  The Drug-Free Schools and Communities Act (DFSCA) and Part 86 of the Department's General Administrative Regulations require each institution of higher education (IHE) to certify that it has developed and implemented a drug and alcohol abuse prevention program (DAAPP).  The program must be designed to prevent the unlawful possession, use, and distribution of drugs and alcohol on campus and at recognized events and activities.

On an annual basis, each IHE must provide the following information in writing to all current students (enrolled for any type of academic credit except for continuing education units) and all current employees:

1. A written statement about its standards of conduct that prohibits the unlawful possession, use, or distribution of illicit drugs and alcohol by students and employees;
2. A written description of legal sanctions imposed under Federal, state, and local laws for unlawful possession or distribution of illicit drugs and alcohol;
3. A description of the health risks associated with the use of illicit drugs and the abuse of alcohol;
4. A description of any drug or alcohol counseling, treatment, or rehabilitation or re-entry programs that are available to students and employees; and
5. A statement that the IHE will impose disciplinary sanctions on students and employees for violations of the institution's codes of conduct and a description of such sanctions.

The distribution plan must make provisions for providing the DAAPP disclosure annually to students who enroll at a date after the initial distribution and for employees who are hired at different points throughout the year.

In addition, each IHE must conduct a biennial review to determine the effectiveness of its DAAPP and to ensure consistent enforcement of applicable drug and alcohol-related statutes, ordinances, and institutional policies against students and employees found to be in violation.  All biennial review materials (referred to as "the biennial review report") must be organized and maintained by the IHE and made available to the Department upon request.  34 C.F.R. §§ 86.3 and 86.100.

FCSL violated a provision of the DFSCA and the Department's Part 86 regulations and failed to develop and implement a comprehensive DAAPP.

**Directives from PRR:**  FCSL was required to:
1. Develop and implement a comprehensive DAAPP that includes all of the required elements found in the DFSCA and the Department's Part 86 regulations; and

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 19

2. Redistribute the most recent DAAPP in accordance with the Part 86 regulations and provide documentation evidencing the distribution, along with a statement of certification attesting to the fact that the materials were provided in accordance with the DFSCA.  This certification must also affirm that the institution understands all of its DFSCA obligations and that it has taken all necessary corrective actions to ensure that these violations do not recur.

**Analysis of Liability Determination:**  FCSL summarized the regulations cited, along with the noncompliance section of the PRR.  FCSL expressed their understanding of the importance of providing a comprehensive DAAPP.  The Department has reviewed FCSL's response and concluded that FCSL responded in an acceptable manner to the required actions within the report, which required FCSL to include:

- A statement that it will impose disciplinary sanctions on students and employees. Florida Coastal directed students to the "Student Code of Conduct;" however, Florida Coastal did not list, or provide a link to, sanctions for direct employees or staff.

Additionally, FCSL developed and implemented a DAAPP that includes the required elements found in the DFSCA and the Department's Part 86 regulations, redistributed an updated DAAPP, and provided a statement of certification attesting to the fact that the materials were provided in accordance with the DFSCA while also affirming that the institution understands all of its DFSCA obligations and that it has taken all necessary corrective actions to ensure that these violations do not recur.

FCSL is reminded that the exceptions identified above constitute serious and persistent violations of Part 86, by their nature, cannot be cured.  There is no way to truly "correct" these types of violations once they occur.  FCSL's obligation to produce and distribute an accurate and complete ASR is the most basic requirement of the Clery Act and is fundamental to the law's campus safety goals.

FCSL asserted that it has taken adequate remedial actions and that by doing so, it is now in compliance with Part 86 as required by its PPA.  Nevertheless, FCSL deprived its students and employees of important campus safety and crime prevention information to which they are entitled as a result of the violations documented by the program review. For these reasons, FCSL's remedial actions do not eliminate the possibility that the Department will impose an adverse administrative action and/or require additional corrective actions.  The Department will provide a separate notice if an administrative action is initiated or additional corrective actions are needed.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 20

### D. Summary of Liabilities

The total amount calculated as liabilities from the findings in the program review determination is as follows.

| Established Liabilities | | |
|---|---|---|
| Liabilities | DL | EL-DL |
| Finding #2 | | $2,817.89 |
| Finding #3 | $13,992.00 | |
| Finding #7 | $124.00 | |
| Subtotal | $14,116.00 | $2,817.89 |
| | | |
| Interest/SA | 66.00 | |
| Subtotal | $14,182.00 | |
| | | |
| TOTAL | $14,182.00 | $2,817.89 |

| Payable To: | | | Totals |
|---|---|---|---|
| Department | $14,058.00 | $2,817.89 | $16,875.89 |
| Students | $124.00 | | $124.00 |

### E. Payment Instructions

### 1.  Liabilities Owed to the Department

FCSL owes to the Department $16,875.89.  Payment must be made by forwarding a check made payable to the "U.S. Department of Education" to the following address within 45 days of the date of this letter:

> U.S. Department of Education
> P.O. Box 979026
> St. Louis, MO  63197-9000

Remit checks only.  Do not send correspondence to this address.

If the check is sent special delivery (signature/receipt required), the check must be sent to the following address:

U.S. Bank
1005 Convention Plaza
St. Louis, MO  63101

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 21

Attn:  Govt. Lockbox Tram MO-SL-C2GL
Re:  For Dept. of Ed.  979026
**Payment must be made via check**

**Payment must be made via check and sent to the above Post Office Box.  Payment and/or adjustments made via G5 will not be accepted as payment of this liability.  Instead, the school must first make any required adjustments in COD as required by the applicable finding(s) and Section II – Instructions by Title IV, HEA Program (below), remit payment, and <u>upon receipt of payment the Department will apply the funds to the appropriate G5 award</u> (if necessary).**

The following identification data must be provided with the payment:

Amount:  $16,875.89
DUNS:  942258203
TIN:  200226587
Program Review Control Number:  2019-4-11-30066

**<u>Terms of Payment</u>**

As a result of this final determination, the Department has created a receivable for this liability and payment must be received by the Department within 45 days of the date of this letter.  If payment is not received within the 45-day period, interest will accrue in monthly increments from the date of this determination, on the amounts owed to the Department, at the current value of funds rate in effect as established by the Treasury Department, until the date of receipt of the payment.  FCSL is also responsible for repaying any interest that accrues.  If you have any questions regarding interest accruals or payment credits, contact the Department's Accounts Receivables & Bank Management Group at (202) 245-8080 and ask to speak to FCSL's account representative.

If full payment cannot be made within 45 days of the date of this letter, contact the Centralized Receivables Service (CRS) at 1-855-549-2683 to apply for a payment plan.  Interest charges and other conditions apply.

If within 45 days of the date of this letter, FCSL has neither made payment in accordance with these instructions nor entered into an arrangement to repay the liability under terms satisfactory to the Department, the Department intends to collect the amount due and payable by administrative offset against payments due FCSL from the Federal Government.  FCSL may object to the collection by offset only by challenging the existence or amount of the debt.  To challenge the debt, FCSL must timely appeal this determination under the procedures described in the "Appeal Procedures" section of the cover letter.  The Department will use those procedures to consider any objection to offset.  No separate appeal opportunity will be provided.  If a timely appeal is filed, the Department will defer offset until completion of the appeal, unless the Department

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 22

determines that offset is necessary as provided at 34 C.F.R. § 30.28. This debt may also
be referred to the Department of the Treasury for further action as authorized by the Debt
Collection Improvement Act of 1996.

## 2. Liabilities Owed to Students

Finding #7. Inaccurate Disbursement Information Reported to Common Origination and
Disbursement (COD) System
Appendix: Appendix G

| Student(s) | |
|---|---|
| Amount | Award Year |
| $124.00 | 2018-2019 |
| Total | |
| $124.00 | |

FCSL must make a good faith effort to pay the amount listed above to the students listed
in the above Appendix.

If FCSL cannot locate a student, payment must be made to the account of the program
from which the award was made. If that cannot be determined, the funds must be paid in
the order required for the return of funds specified in 34 C.F.R. § 668.22(i):

Unsubsidized Federal Stafford loans
Subsidized Federal Stafford loans
Unsubsidized Federal Direct Stafford loans
Subsidized Federal Direct Stafford loans
Federal Perkins Loans
Federal PLUS loans received on behalf of the student
Federal Direct PLUS received on behalf of the student
Federal Pell Grants
Academic Competitiveness Grants
National SMART Grants
FSEOG Program aid
TEACH Grants

FCSL must provide proof of payment to the student by submitting a copy of the front and
back of the canceled check to Mike Powers within 45 days of the date of this letter.

In the event the student cannot be located, does not cash a check that has been mailed,
and the institution is unable to initiate an EFT to the student's or parent's bank account,
FCSL must return the funds to the appropriate Title IV program account via G5 and make
the corresponding downward adjustments to the applicable disbursements in COD.
FCSL must document its attempts to contact the student and provide proof of payment

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 23

and COD adjustments to the applicable Title IV program to Mike Powers.  The
Department will not consider this program review closed until the information requested
has been received.

### 3.  Liabilities Owed to the Department in the case of Direct Loans

**William D. Ford Federal Direct Loan (Direct Loan) Liabilities**:

**<u>Direct Loan Closed Award Years (Request Extended Processing)</u>**

Finding:  Finding #3
Appendix:  Appendix E

FCSL must repay the following Direct Loan liabilities:

| DL Closed Award Year | | |
|---|---|---|
| Amount (Principal) | Amount (Interest) | Award Year |
| $1,747.00 | $27.00 | 2017-2018 |
| $12,245.00 | $39.00 | 2018-2019 |
| Total Principal | Total Interest | |
| $13,992.00 | $66.00 | |

The disbursement record for each student identified in the appendix listed above must be
adjusted in the Common Origination and Disbursement (COD) system based on the
recalculated amount identified in the/these appendix/appendices.  A copy of the
adjustment to each student's COD record must be sent to Mike Powers via email **within
45 days of the date of this letter**.

**<u>Request Extended Processing</u>**

<u>The DL program year closes 13 months after the award year ends (on the last business
day in July of the following year).  For example, 2011-2012 will close July 31, 2013</u>
COD adjustments are necessary for the closed award year listed above.  Before any
student level adjustments can be processed, FCSL must immediately request extended
processing through the COD Website (http://cod.ed.gov).

- Click on the Request Post Deadline/Extended Processing link under the School
  menu.

- On the request screen, the institution should indicate in their explanation that the
  request is based on a program review, and provide the program review control
  number.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 24

- The institution will be notified of the status of the request at the time of submission, and will also be notified by email to the FAA and President when extended processing has been authorized. At that time, the school must transmit student/borrower level adjustments to COD for the closed award year(s).

**Direct Loan Estimated Loss**

Finding:  Finding #2
Appendix:  Appendix D

| DL Estimated Loss | |
| --- | --- |
| Amount | Award Year |
| $939.25 | 2017-2018 |
| $1,408.97 | 2018-2019 |
| $469.67 | 2019-2020 |
| Total | |
| $2,817.89 | |

FCSL must pay the amount reflected above in Direct Loan estimated loss liabilities for the award year(s) reflected above.  The liabilities will be applied to the general Direct Loan fund.  This amount is also reflected in the total amount owed to the Department in Section 1 above.

## F.  Appendices

Various appendices contain personally identifiable information; therefore, all appendices will be emailed to FCSL as an encrypted WinZip file using Advanced Encryption Standard, 256-bit.  The password needed to open the encrypted WinZip file will be sent in a separate email.



September 11, 2019

Scott Devito, Dean                          Shipment via United Parcel Service
Florida Coastal School of Law               Tracking #: IZ A87 964 02 9082 7350
8787 Baypine Road
Jacksonville, FL 32256-8528


RE:    Program Review Report
       OPE ID: 03374300
       PRCN: 2019-4-11-30066

Dear Mr. Scott Devito:

From August 12, 2019 through August 16, 2019, Butch Smith and Adam Quinn conducted a
review of Florida Coastal School of Law's (FCSL) administration of the programs authorized
pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq.
(Title IV, HEA programs).  The findings of that review are presented in the enclosed report.

Findings of noncompliance are referenced to the applicable statutes and regulations and specify
the action required to comply with the statute and regulations.  Please review the report and
respond to each finding, indicating the corrective actions taken by FCSL.  The response should
include a brief, written narrative for each finding that clearly states FCSL's position regarding
the finding and the corrective action taken to resolve the finding.  Separate from the written
narrative, FCSL must provide supporting documentation as required in each finding.

Please note that pursuant to HEA section 498A(b), the Department is required to:
  (1) provide to the institution an adequate opportunity to review and respond to any
      preliminary program review report[1] and relevant materials related to the report before any
      final program review report is issued;
  (2) review and take into consideration an institution's response in any final program review
      report or audit determination, and include in the report or determination –
        a.  A written statement addressing the institution's response;
        b.  A written statement of the basis for such report or determination; and
        c.  A copy of the institution's response.

The Department considers the institution's response to be the written narrative (to include e-mail
communication).  Any supporting documentation submitted with the institution's written
response will not be attached to the FPRD.  However, it will be retained and available for
inspection by FCSL upon request.  Copies of the program review report, the institution's

---

[1] A "preliminary" program review report is the program review report.  The Department's final program review
report is the Final Program Review Determination (FPRD).



FCSL - 000128

Florida Coastal School of Law
03374300
2019-4-11-30066
Page 2 of 2

response, and any supporting documentation may be subject to release under the Freedom of Information Act (FOIA) and can be provided to other oversight entities after the FPRD is issued.

The institution's response should be sent directly to Butch Smith of this office within 60 calendar days of receipt of this letter.

Protection of Personally Identifiable Information (PII):
PII is any information about an individual which can be used to distinguish or trace an individual's identity (some examples are name, social security number, date, and place of birth). The loss of PII can result in substantial harm, embarrassment, and inconvenience to individuals and may lead to identity theft or other fraudulent use of the information. To protect PII, the findings in the attached report do not contain any student PII. Instead, each finding references students only by a student number created by Federal Student Aid. The student numbers were assigned in Appendix A, Student Sample. The appendix was encrypted and sent separately to the institution via e-mail. Please see the enclosure Protection of Personally Identifiable Information for instructions regarding submission to the Department of required data / documents containing PII.

Record Retention:
Program records relating to the period covered by the program review must be retained until the later of: resolution of the loans, claims or expenditures questioned in the program review; or the end of the retention period otherwise applicable to the record under 34 C.F.R. § 668.24(e).

We would like to express our appreciation for the courtesy and cooperation extended during the review. Please refer to the above Program Review Control Number (PRCN) in all correspondence relating to this report. If you have any questions concerning this report, please contact Butch Smith at butch.smith@ed.gov or 214-661-9514.

Sincerely,

Michelle Allred
Compliance Manager

cc: ████████e, Financial Aid Administrator

Enclosure:
Program Review Report (and appendices)
Protection of Personally Identifiable Information



**Prepared for**
**Florida Coastal School of Law**

**OPE ID: 03374300**
**PRCN: 2019-4-11-30066**

**U.S. Department of Education**
**Federal Student Aid**
**Multi-Regional and Foreign Schools Participation Division**

# Program Review Report
September 11, 2019

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 2

## Table of Contents

| | | | |
|---|---|---|---|
| A. | Institutional Information……………………………………………………... | #3 |
| B. | Scope of Review……………………………………………………………… | #4 |
| C. | Findings……………………………………………………………………….. | #4 |
| | Finding #1. | Lack of Administrative Capability…………………………….. | #4 |
| | Finding #2. | Satisfactory Academic Progress Policy (SAP) Not Developed/Monitored and Ineligible Student – Not Making SAP……………………………………………………….... | #6 |
| | Finding #3. | Return of Title IV Funds Inaccurate………………………….. | #8 |
| | Finding #4. | Federal Direct Loan Overaward – Cost of Attendance Exceeded……………………………………………………... | #10 |
| | Finding #5. | Student Credit Balance Deficiency…………………………..… | #11 |
| | Finding #6. | NSLDS Student Status – Untimely/Incorrect Reporting…..…. | #12 |
| | Finding #7. | Inaccurate Disbursement Information Reported to Common Origination and Disbursement (COD) System……………… | #15 |
| | Finding #8. | Record Retention…………………………………………….. | #17 |
| | Finding #9. | Return of Title IV Funds Policy Inadequate………………….. | #20 |
| | Finding #10. | Crime Awareness Requirements Not Met…………………….. | #20 |
| | Finding #11. | Drug and Alcohol Abuse Prevention Program (DAAPP) Requirements Not Met…………………………………….. | #23 |
| D. | Appendices…………………………………………………………………… | #25 |

FCSL - 000131

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 3

## A.  Institutional Information

Florida Coastal School of Law
8787 Baypine Road
Jacksonville, FL 32256-8528

Type: Proprietary

Highest Level of Offering: Juris Doctor

Accrediting Agency: American Bar Association

Current Student Enrollment: 184 (Fall 2019)

Title IV Participation (National Student Loan Data System):

| TITLE IV, HEA PROGRAM | AWARD YEAR 2017-2018 | AWARD YEAR 2016-2017 |
|---|---|---|
| Federal Direct Unsubsidized Loan | $6,547,565.00 | $12,699,698.00 |
| Federal Direct PLUS Loan | $9,607,198.00 | $19,392,719.00 |
| Federal Work Study | $31,053.00 | $85,552.00 |
| **Total** | **$16,185,816.00** | **$32,177,969.00** |

Default Rate FFEL/DL:   2013   2.0%
                        2014   1.7%
                        2015   2.5%

FCSL - 000132

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 4

## B. Scope of Review

The U.S. Department of Education (the Department) conducted a program review at Florida Coastal School of Law (FCSL) from August 12, 2019 to August 16, 2019.  Butch Smith and Adam Quinn conducted the review.

The focus of the review was to determine FCSL's compliance with the statutes and federal regulations as they pertain to the institution's administration of the Title IV, HEA programs.  The review consisted of, but was not limited to, an examination of FCSL's policies and procedures, individual student financial aid and academic files, attendance records, student account ledgers, and fiscal records.  The Department reviewed such records from the headquarters of FCSL.

A sample of 33 files was identified for review from the 2017-2018 and 2018-2019 (year to date) award years.  The files were selected randomly from a statistical sample of the total population receiving Title IV, HEA program funds for each award year.  Appendix A list the names and social security numbers of the students whose files were examined during the program review.

### Disclaimer:

Although the review was thorough, it cannot be assumed to be all-inclusive.  The absence of statements in the report concerning FCSL's specific practices and procedures must not be construed as acceptance, approval, or endorsement of those specific practices and procedures.  Furthermore, it does not relieve FCSL of its obligation to comply with all of the statutory or regulatory provisions governing the Title IV, HEA programs.

This report reflects initial findings.  These findings are not final.  The Department will issue its final findings in a subsequent Final Program Review Determination letter.

## C. Findings

During the review, some areas of noncompliance were noted.  Findings of noncompliance are referenced to the applicable statutes and regulations and specify the actions to be taken by FCSL to bring operations of the financial aid programs into compliance with the statutes and regulations.

### Finding #1.  Lack of Administrative Capability

### Noncompliance:

Pursuant to 34 C.F.R. §§ 668.16 and 668.24, an institution shall demonstrate to the Secretary that the institution is capable of adequately administering that program under each of the standards established by the Secretary and enumerated in Federal regulations.  The Secretary considers an institution to have that administrative capability if the institution:

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 5

- Designates a capable individual to be responsible for administering all Title IV programs in which it participates, and coordinates the programs with the institution's other Federal and non-Federal programs of student financial assistance;
- Uses an adequate number of qualified persons to administer the Title IV programs;
- Communicates all information received by any institutional office that bears on a student's eligibility for Title IV, HEA assistance to the individuals designated to be responsible for administering the Title IV programs;
- Develops and applies an adequate system to identify and resolve discrepancies in the information it receives from different sources with respect to a student's application for Title IV financial aid;
- Administers the programs with adequate checks and balances in its system of internal controls;
- Establishes and maintains required program records and student financial records; and
- Does not otherwise appear to lack the ability to administer the Title IV, HEA programs competently.

If a participating institution fails to administer the Title IV, HEA programs in accordance with all of the applicable statutory and regulatory provisions of the Higher Education Act, the Secretary may find that institution lacks the administrative capability to continue participation in the Title IV, HEA programs.  34 C.F.R. §§ 668.16.

According to 34 C.F.R. § 668.82, an institution's capability is measured within the context of a fiduciary standard of conduct.  In particular, to participate in the Title IV, HEA programs, an institution must, at all time, act with the competency and integrity necessary to qualify as a fiduciary.  In the capacity of a fiduciary, an institution is subject to the highest standard of care and diligence in administering the Title IV, HEA programs.

The General Provisions of the Title IV, HEA and Federal Student Aid Program regulations establish certain standards that all participating institutions must operate within if they are to be deemed administratively capable.  During the program reviews, several violations, some systemic, were identified that call the institution's administrative capability into question.  The findings of non-compliance noted in this program review report include:

- Satisfactory Academic Progress Policy (SAP) Not Developed/Monitored and Ineligible Student – Not Making SAP
- Return of Title IV Funds Inaccurate
- Federal Direct Loan Overaward – Need Exceeded
- Student Credit Balance Deficiency
- NSLDS Student Status – Untimely/Incorrect Reporting
- Inaccurate Disbursement Information Reported to Common Origination and Disbursement (COD) System
- Record Retention
- Return of Title IV Funds Policy Inadequate

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 6

- Crime Awareness Requirements Not Met
- Drug and Alcohol Abuse Prevention Program (DAAPP) Requirements Not Met

**Required Action:**

To continue participation in any Title IV, HEA program, FCSL must demonstrate that it is capable of adequately administering that program under standards established by the Secretary. FCSL must complete the required actions for Findings #2-10 of this report to demonstrate that it has the administrative capability to administer the Title IV programs properly. Additionally, FCSL must repay any liabilities that are assessed in the Final Program Review Determination (FPRD).

**Finding #2.  Satisfactory Academic Progress Policy (SAP) Not Developed/Monitored and Ineligible Student – Not Making SAP**

**Noncompliance:**

In accordance with 34 C.F.R. §§ 668.16(e) and 668.34, institutions are required to have a satisfactory academic progress (SAP) policy for purposes of determining student eligibility for assistance under a Title IV, HEA program. The institution must establish, publish, and apply reasonable standards for his or her educational program. The Secretary considers an institution's standards to be reasonable if the SAP policy is the same or stricter than the institution's standards for a student enrolled in the same educational program who is not receiving Title IV, HEA program assistance. However, at a minimum, the SAP policy must include the following components:

- A qualitative component which consists of grades, work projects completed, or comparable factors that are measurable against a norm: and
- A quantitative component that consists of the pace at which a student must progress through his or her educational program to ensure that the student will complete the program within the maximum timeframe in which a student must complete his or her educational program;
  - The quantitative component is calculated by dividing the cumulative number of hours the student has successfully completed by the cumulative number the student has attempted.

Provide for a determination at the end of each increment as to whether the student has met the qualitative and quantitative components of the standards.

Additionally, the FSA program regulations make no provision for the concept of academic amnesty or academic renewal. Therefore, a school must always include courses applicable to a student's major (whenever taken) in evaluating a student's satisfactory academic progress (both qualitative and quantitative). See *2018-19 Federal Student Aid Handbook, Volume 1, Chapter 1, pages 15-16.*

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 7

FCSL's policy is incomplete and fails to include all required description, statements, and required elements.  Specifically, FCSL's policy does not include:

- A quantitative component that consists of the pace at which a student must progress through his or her educational program to ensure that the student will complete the program within the maximum timeframe in which a student must complete his or her educational program

Additionally, FCSL has an internal policy of academic amnesty/renewal that allows students that have failed SAP and have left the school for a period of two years or more, to go through the re-admission process.  If these students are readmitted, FCSL erases previous grades and credits attempted, which affects both the qualitative and quantitative components of SAP.

- Student #22 was readmitted into the Juris Doctor degree program in the 2018 Spring – P Term under FCSL's academic amnesty/renewal and had all qualitative and quantitative components of previous 2014 Fall – P Term academic work removed.  As a result of this academic amnesty/renewal, FCSL considered the student to be in good standing with FCSL's SAP policy.  The student received $9,557.00 in Direct PLUS and $10,141.00 in Direct Unsubsidized loan funds during the readmitted 2018 Spring – P Term.  However, FCSL should have included courses applicable to the student's major in evaluating SAP (both qualitative and quantitative).  Therefore, this student should have been failing SAP and ineligible for the Title IV, HEA funds disbursed during the 2018 Spring – P Term.

**Required Action:**

FCSL must:
1. Update its policy and procedures to be in compliance with the SAP requirements of 34 C.F.R. § 668.34
    a. Provide a marked-up updated copy notating all changes being made as a result of this evaluation
2. Complete a full file review of all SAP evaluations using their updated policy and procedures, which will include the quantitative component and courses applicable to a student's major (whenever taken), for the 2017-2018 and 2018-2019 award years.  In order to test SAP in the award years covered by the review, FCSL will have to begin with the student's first enrollment at FCSL, which may be before the award years covered by the review.  If a student would have failed SAP in any award year before 2017-2018, FCSL must note that in its response.  The required format for submission of the results is included in Enclosure 2-A.  FCSL must complete and provide, at a minimum, the attached worksheet for each award year, or generate its own electronic file in a similar format containing the information requested in the file review.  The Excel spreadsheet, or similar electronic file, must be provided in the format identified in Enclosure 2-A in both hardcopy and electronic format (do not pdf the Excel file, or protect it from further formatting).

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 8

After reviewing the spreadsheet, or similar electronic file, prepared by FCSL, the Department may select a random sample of students, up to and including the entire population of students, to review to confirm the accuracy of the file reviews.  If a student is selected, FCSL will be required to submit copies of the supporting documentation evidencing FCSL's SAP evaluations (quantitative and qualitative).

Instructions for repayment of liabilities, if any, will be provided in the FPRD.  FCSL must not attempt to repay any funds owed to the Department until the FPRD is issued.  Hard copy and electronic files containing PII must be safeguarded as described in the enclosure to the cover letter of this report.

**Finding #3.  Return of Title IV Funds Inaccurate**

**Noncompliance:**

In accordance with 34 C.F.R. § 668.22, when a recipient of Title IV grant or loan assistance withdraws from an institution during a payment period or period of enrollment in which the recipient began attendance, the institution must determine the amount of Title IV grant or loan assistance that the student earned as of the student's withdrawal date.  As required by 34 C.F.R § 668.22(j), an institution must return the amount of Title IV funds for which it is responsible under 34 C.F.R. §668.22(g) as soon as possible but no later than 45 days after the date of the institution's determination that the student withdrew, as defined in 34 C.F.R. § 668.22.

An institution must provide within 30 days of the date of the institutions determination that the student withdrew, a written notification to the student, or parent in the case of parent PLUS loans relating to post-withdrawal disbursements.  34 C.F.R. §668.22(a)(6)(iii)(A).  This can only be accomplished if an institution completes the return of Title IV funds calculation within 30 days.

Additionally, in accordance with 34 C.F.R. § 668.22(a), when a recipient of Title IV grant or loan assistance withdraws from an institution during a payment period or period of enrollment in which the recipient began attendance, the institution must determine the amount of Title IV grant or loan assistance that the student earned as of the student's withdrawal date.

34 C.F.R. § 668.22(e) states that the calculation of the amount of Title IV assistance earned by the student is calculated by determining the percentage of Title IV grant or loan assistance that has been earned by the student, and applying the percentage to the total amount of Title IV grant or loan assistance that was disbursed (and that could have been disbursed) to the student, or on the student's behalf, for the payment period or period of enrollment as of the student's withdrawal date.

34 C.F.R. § 668.22(e)(5)(i) states that for a student attending a standing term-based (semester, trimester or quarter) education program, the treatment of Title IV funds if a student withdraws must be determined on a payment period basis.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 9

FCSL is an institution that is required to take attendance by their accreditor. FCSL's method for taking and tracking attendance is manual through a roster, and the information is later transferred to the faculty portal, which is then imported into FCSL's student information system.

In reviewing return of Title IV funds calculations, the Department requested the physical sign-in sheets relating to all classes taken during the term a student's calculation was performed, in order to validate the last date of attendance used. FCSL was unable to provide the physical sign-in sheets (see Finding #8 Record Retention for additional information). Therefore, the Department was unable to verify the last date of attendance used for Students #17, #31, #32, and #33.

FCSL failed to perform the return of Title IV funds calculation timely for Student #17.

- Student #17 – Last date of attendance (LDA) according to the institution's electronic attendance records provided to the Department was 04/04/2019 and the return of Title IV funds calculation was performed by FCSL 08/14/2019, which is 133 days (103 days late)

FCSL incorrectly calculated Return of Title IV funds for Student #31.

- Student #31 – began attendance in the 05/29/2018-07/27/2018 payment period and the LDA used on the return of Title IV funds calculation was 06/18/2018. However, according to the institution's unsupported electronic attendance records provided to the Department, Student #31's LDA was 05/29/2018. Therefore, the percentage of the payment period completed in the return of Title IV funds calculation should have been 0.03% (1 day out of 60 days). This means the Title IV aid earned by the student should have been $327.40 (0.03% X $9,822.00). Additionally, the amount of Title IV aid that should have been returned is $9,494.60 ($9,822.00 – $327.40 = $9,494.60). FCSL assessed $9,675.00 for institutional charges. The amount of unearned charges should have been $9,585.02 (9,675.00 X 99.07% = $9,585.02). Therefore, FCSL should have returned $9,494.60 in Direct Unsubsidized Loan funds to the Department, which is $3,203.60 more than FCSL originally returned. The $3,203.60 is considered an institutional liability.

FCSL failed to return the amount of Title IV funds for which it is responsible timely.

- Student #33 – initiated a withdrawal on 10/08/2018. The student's LDA, according to the institution's electronic attendance records provided to the Department, was 09/24/2019. FCSL performed the return of Title IV funds calculation on 10/17/2018 (10 days from withdrawal date). The return of Title IV funds calculation required FCSL to return Direct Unsubsidized and PLUS loans to the Department. FCSL returned the required Title IV funds to the Department on 02/05/2019 (121 days from withdrawal date), which is 76 days late.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 10

**Required Action:**

Due to the inability of the Department to verify the last date of attendance used for all students who had return of Title IV funds calculations within the student sample, along with calculation errors, FCSL must complete a full file review of all students who ceased attendance without completing a period in which they received Title IV funds for award years 2017-2018 and 2018-2019 to identify the amount of institutional liabilities (if any). The required format for submission of the results of this file review is included in Enclosure 3-A. FCSL must complete and provide, at a minimum, the attached worksheet. The attached worksheet contains a separate tab for each award year identified. The Excel spreadsheet must be provided in the format identified in Enclosure 3-A in both hardcopy and electronic format (do not pdf the Excel file, or protect it from further formatting). Title IV awards should be reported in the award year from which they were drawn.

After reviewing the spreadsheet prepared by FCSL, the Department may select a random sample of students, up to and including the entire population of withdrawn students, to review to confirm the accuracy of the file reviews. If a student is selected, FCSL will be required to submit copies of the supporting documentation such as but not limited to physical sign-in sheets/rosters, documentation pertaining to the last date of academically related activity, electronic attendance records, original return of Title IV funds calculations, corrected return of Title IV funds calculations, academic transcripts, student ledgers, etc.

Additionally, FCSL must:
1. Revise its return of Title IV policies and procedures, ensuring that calculation timelines and last date of attendance records are accurate
   a. Provide a marked-up updated copy notating all changes being made as a result of this evaluation

Instructions for repayment of liabilities, if any, will be provided in the FPRD. FCSL must not attempt to repay any funds owed to the Department until the FPRD is issued. Hard copy and electronic files containing PII must be safeguarded as described in the enclosure to the cover letter of this report.

**Finding #4.  Federal Direct Loan Overaward – Cost of Attendance Exceeded**

**Noncompliance:**

The cost of attendance (COA) is the cornerstone of establishing a student's Title IV, HEA program, funds, as it sets a limit on the total aid that a student may receive for purposes of the TEACH Grant, Campus-Based programs, and Direct/Direct PLUS Loans, and is one of the basic components of the Pell Grant calculation.

The cost of attendance is determined by law (Higher Education Act, Sec. 472). The law specifies the types of costs that are included in the cost of attendance, but the institution must

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 11

determine the appropriate and reasonable amounts to include for each eligible COA category for its students.  The cost of attendance, based on the student's enrollment status, should represent the student's cost for the period for which the aid is intended.

A school may not originate a Direct Subsidized, Direct Unsubsidized, or Direct PLUS Loan, or a combination of loans, for an amount that exceeds the student's estimated cost of attendance less (A) the student's estimated financial assistance for that period; and (B) in the case of a Direct Subsidized Loan, the borrower's expected family contribution for that period.  34 C.F.R. § 685.301(a)(4).

FCSL awarded Federal Direct Unsubsidized and PLUS loan funds that exceeded two students' COA.

- Student #1:  The COA for this student for the enrollment period that covered 2017 Fall – P was $34,872.00.  The student received $11,616.00 in Direct/Direct PLUS loans and $23,490 in other/additional aid, which totals $35,106.00 in total aid counted against need. This created an overaward of $234.00.
- Student #26:  The COA for this student for the enrollment period that covered 2018 Fall – P was $31,079.00.  The student received $38,678.00 in Direct/Direct PLUS loans counted against need.  This created an overaward of $7,599.00.

**Required Action:**

FCSL must:
1. Update its policy and procedures to be in compliance with 34 C.F.R. § 685.301(a)(4) and the Higher Education Act, Sec. 472
   a. Provide a marked-up updated copy notating all changes being made as a result of this evaluation

Instructions for repayment of liabilities, if any, will be provided in the FPRD.  FCSL must not attempt to repay any funds owed to the Department until the FPRD is issued.  Hard copy and electronic files containing PII must be safeguarded as described in the enclosure to the cover letter of this report.

**Finding #5.  Student Credit Balance Deficiency**

**Noncompliance:**

Whenever an institution disburses Title IV, HEA funds by crediting a student's account, and the total amount of all Title IV, HEA funds credited exceeds the amount of tuition and fees, room and board, and other authorized charges the institution assessed the student, the institution must pay the resulting credit balance directly to the student or parent as soon as possible but (1) no later than 14 days after the balance occurred if the credit balance occurred after the first day of class of a payment period; or (2) no later than 14 days after the first class of a payment period if

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 12

the credit balance occurred on or before the first day of class of that payment period.  34 C.F.R. § 668.164(h).

Per 34 C.F.R. § 668.15(a) and § 668.15(b), in order to participate in any Title IV, HEA program, an institution must demonstrate to the Secretary that the institution is financially responsible under the requirements established in the general standards of financial responsibility section.  In general, the Secretary considers an institution financially responsible only if it is meeting all of its financial obligations, including but not limited to refunds that it is required to make.

FCSL failed to disburse a Title IV credit balance appropriately to the following student within 14 days:

- Student #30 – During the 2019 Spring – P term, the student's total cost was $25,083.00.  On 01/18/2019, the student received $26,502.00 in Direct PLUS and $10,142.00 in Direct Unsubsidized loans, which totaled $36,644.00.  This created a credit balance of $11,561.00 on 01/18/2019.  FCSL reduced the student's tuition by $1,849.00 on 01/30/2019, which increased the Title IV credit balance to $13,410.00.  FCSL issued an $11,561.00 credit balance to the student on 01/31/2019, which left an outstanding credit balance of $1,849.00.  However, instead of providing the student with the remaining credit balance of $1,849.00, FCSL returned the funds back to the Direct PLUS program on 02/06/2019.

**Required Action:**

FCSL must:
1. Provide a copy of its updated policies and procedures that will ensure all Title IV credit balances are paid in accordance with the above-mentioned regulations
   a. Provide a marked-up updated copy notating all changes being made as a result of this evaluation

**Finding #6.  NSLDS Student Status – Untimely/Incorrect Reporting**

**Noncompliance:**

An institution must, upon receipt of a student status confirmation report from the Secretary, complete and return that report to the Secretary within 15 days of receipt; and unless it expects to submit its next student status confirmation report to the Secretary within the next 60 days, notify the Secretary within 30 days if it discovers that a Direct Subsidized, Direct Unsubsidized, or Direct PLUS Loan has been made to or on behalf of a student who enrolled at that school but has ceased to be enrolled on at least a half-time basis; has been accepted for enrollment at that school but failed to enroll on at least a half-time basis for the period for which the loan was intended; or has changed his or her permanent address.  Student enrollment information is important, because it is used to determine whether the student is still in school, or if the student must be moved into

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 13

repayment. The student's out-of-school status effective date determines when the student's grace period begins and how soon the student must begin repaying loan funds. 34 C.F.R. § 685.309(b).

See below for details relating to Student #s 2, 6, 10, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 29, 30, and 31.

- Student #2 – FCSL certified on 08/08/2017 that the student was "Half Time" and NSLDS received this submission on 09/12/2017.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/07/2017.  FCSL should have reported this student as "Full Time" when they certified the student's status on 08/08/2017, since the student's effective date for "Full Time" status was 08/07/2017.
- Student #6 – FCSL certified on 08/08/2017 that the student was "Half Time" and NSLDS received this submission on 09/12/2017.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/07/2017.  FCSL should have reported this student as "Full Time" when they certified the student's status on 08/08/2017, since the student's effective date for "Full Time" status was 08/07/2017
- Student #10 – FCSL reported the student as "Half Time" effective 05/15/2017, which was last certified on 08/08/2017.  NSLDS received this information on 08/18/2017.  The student moved to "Full Time" status effective the following term beginning on 08/07/2017, which was certified on 10/11/2017.  FCSL should have reported this student as "Full Time" when they certified the student's status on 08/08/2017, since the student's effective date for "Full Time" status was 08/07/2017.  Additionally, NSLDS did not receive the 10/11/2017 certification until 11/08/2017.  Therefore, there is 83 days (08/18/2017 to 11/08/2017) between submissions, which is 23 days late.
- Student #15 – FCSL certified on 08/08/2017 that the student was "Half Time" and NSLDS received this submission on 09/12/2017.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/07/2017.  FCSL should have reported this student as "Full Time" when they certified the student's status on 08/08/2017, since the student's effective date for "Full Time" status was 08/07/2017.
- Student #16 – FCSL reported the student as "Full Time" effective 08/20/2018, and NSLDS received this submission on 08/22/2018.  NSLDS did not receive the next submission until 01/04/2019.  Therefore, there is 136 days (08/22/2018 to 01/04/2019) between submissions, which is 76 days late.
- Student #17 – FCSL certified on 09/11/2018 that the student was "Half Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Three Quarter Time" effective 08/20/2018.  FCSL should have reported this student as "Three Quarter Time" when they certified the student's status on 09/11/2018, since the student's effective date for "Half Time" was 08/20/2018.
FCSL certified on 01/30/2019 that the student was "Three Quarter Time" and NSLDS received this submission on 03/12/2019.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Half Time" effective 01/28/2019.  FCSL should

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 14

have reported this student as "Half Time" when they certified the student's status on 01/30/2019, since the student's effective date for "Half Time" was 01/28/2019.

- Student #18 – FCSL reported the student as "Full Time" effective 08/20/2018, and NSLDS received this submission on 08/22/2018.  NSLDS did not receive the next submission until 01/04/2019.  Therefore, there is 136 days (08/22/2018 to 01/04/2019) between submissions, which is 76 days late.

- Student #19 – FCSL certified on 08/27/2018 that the student was "Half Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/20/2018. FCSL should have reported this student as "Full Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Full Time" status was 08/20/2018.

- Student #20 – FCSL certified on 08/22/2018 that the student was "Full Time" and NSLDS received this submission on 08/22/2018.  NSLDS did not receive the next submission until 01/04/2019.  Therefore, there is 136 days (08/22/2018 to 01/04/2019) between submissions, which is 76 days late.

- Student #21 – FCSL certified on 08/27/2018 that the student was "Half Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Three Quarter Time" effective 08/20/2018.  FCSL should have reported this student as "Three Quarter Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Three Quarter Time" status was 08/20/2018.

- Student #22 – FCSL certified on 08/27/2018 that the student was "Half Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/20/2018. FCSL should have reported this student as "Full Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Full Time" status was 08/20/2018.

- Student #23 – FCSL certified on 08/22/2018 that the student was "Full Time" and NSLDS received this submission on 08/22/2018.  NSLDS did not receive the next submission until 01/04/2019.  Therefore, there is 136 days (08/22/2018 to 01/04/2019) between submissions, which is 76 days late.

- Student #25 – FCSL certified on 08/27/2018 that the student was "Half Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/20/2018. FCSL should have reported this student as "Full Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Full Time" status was 08/20/2018.

- Student #26 – FCSL certified on 08/27/2018 that the student was "Full Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Three Quarter Time" effective 08/20/2018.  FCSL should have reported this student as "Three Quarter Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Three Quarter Time" status was 08/20/2018.

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 15

- Student #27 – FCSL certified on 08/27/2018 that the student was "Half Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/20/2018.  FCSL should have reported this student as "Full Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Full Time" status was 08/20/2018.
- Student #29 – FCSL certified on 08/27/2018 that the student was "Full Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Three Quarter Time" effective 08/20/2018.  FCSL should have reported this student as "Three Quarter Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Three Quarter Time" status was 08/20/2018.
- Student #30 – FCSL certified on 08/27/2018 that the student was "Half Time" and NSLDS received this submission on 11/06/2018.  However, in FCSL's subsequent NSLDS submission, the student was reported as "Full Time" effective 08/20/2018.  FCSL should have reported this student as "Full Time" when they certified the student's status on 08/27/2018, since the student's effective date for "Full Time" status was 08/20/2018.
- Student #31 – FCSL has the student as "Withdrawn" effective 06/18/2018.  However, according to the institution's electronic attendance records provided to the Department, the student's last date of attendance was 05/29/2018.

**Required Action:**

FCSL must:
1. Provide a copy of its updated policies and procedures that will ensure all student status reporting are in accordance with the above-mentioned regulations
    a. Provide a marked-up updated copy notating all changes being made as a result of this evaluation

**Finding #7.  Inaccurate Disbursement Information Reported to Common Origination and Disbursement (COD) System**

**Noncompliance:**

An institution makes a disbursement of Title IV, HEA program funds on the date the institution credits a student's account at the institution or pays a student or parent directly with funds received from the Secretary or institutional funds used in advance of receiving Title IV, HEA funds.  34 C.F.R. § 668.164(a).

An institution must establish and maintain, on a current basis, program records that document its disbursement and delivery of Title IV program funds and financial records that reflect each Title IV program transaction.  34 C.F.R. § 668.24(b)(2).  The records that an institution must maintain

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 16

include but are not limited to documentation relating to each student's or parent's receipt of Title IV program funds.  This documentation includes but is not limited to:

- The date and amount of each disbursement or delivery of grant or loan funds;
- The amount, date and basis of the institution's calculation of any refunds or overpayments due to or on behalf of the student, or the treatment of Title IV funds when a student withdraws;
- The payment of any overpayment or the return of any Title IV program funds to the Title IV program fund, a lender or the Secretary, as appropriate; and
- Records of student accounts, including each student's institutional charges, cash payments, FSA payments, cash disbursements, refunds, returns and overpayments required for each enrollment period.  34 C.F.R. § 668.24(c).

The *2018-2019 COD Technical Reference, Volume II, Section 1, pages 98-99, number 3* states that the disbursement date is the date the money was credited to the student's account or paid to the student directly.  The disbursement date is not the date of the adjustment transaction.

There should be one definitive, complete, and accurate record of the charges and payments to each student's account.  FCSL is required to report the actual disbursement date for Federal Pell Grant and Federal Direct Loan disbursements.

FCSL did not accurately report disbursement dates to the Common Origination and Disbursement (COD) system as required for four reviewed students.  The table below identifies the errors for these students:

| Student # | Amount | Title IV, HEA Program | COD Disbursement Date | Actual Disbursement Date |
|---|---|---|---|---|
| 18 | $10,142.00 | Direct Unsubsidized Loan | 01/18/2019 | 02/01/2019 |
| 19 | $10,142.00 | Direct Unsubsidized Loan | 01/18/2019 | 01/25/2019 |
| 19 | $24,653.00 | Direct PLUS Loan | 01/18/2019 | 02/01/2019 |
| 22 | $24,653.00 | Direct PLUS Loan | 01/18/2019 | 01/25/2019 |
| 30 | $1,283.00 | Direct PLUS Loan | 03/13/2019 | 03/25/2019 |

Student-borrowers are charged interest on their loans from the disbursement date recorded in the COD system.  If a disbursement is recorded in COD early, and the Federal Direct Loan funds are not delivered to the student until a later date, the student must pay interest on their loans for those days in which they did not have use of the funds.  As a result, it is imperative the correct date be recorded.

**Required Action:**

FCSL must:

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 17

1. Provide a copy of its updated policies and procedures that will ensure that disbursement records for Direct Loan awards are accurately recorded and reported in COD
   a. Provide a marked-up updated copy notating all changes being made as a result of this evaluation
2. Correct the errors noted above
   a. Provide documentation that all misreported disbursement dates have been corrected

Instructions for repayment of liabilities, if any, will be provided in the FPRD. FCSL must not attempt to repay any funds owed to the Department until the FPRD is issued. Hard copy and electronic files containing PII must be safeguarded as described in the enclosure to the cover letter of this report.

**Finding #8.  Record Retention**

**Noncompliance:**

Per 34 C.F.R. § 668.14(b)(4), Participating institutions must establish and maintain administrative and fiscal procedures and records as may be necessary to ensure proper and efficient administration of funds received from the Secretary or from students under the Title IV programs.

Per 34 C.F.R. § 668.16, General Provisions, state that to begin and to continue to participate in any Title IV, HEA program, an institution shall demonstrate to the Secretary that the institution is capable of adequately administering that program under each of the standards established in this section. The Secretary considers an institution to have that administrative capability if the institution administers the Title IV, HEA programs in accordance with all statutory provisions of or applicable to Title IV of the HEA, all applicable regulatory provisions prescribed under that statutory authority, and all applicable special arrangements, agreements, and limitations entered into under the authority of statutes applicable to Title IV of the HEA.

An institution shall establish and maintain, on a current basis, any application for Title IV, HEA program funds and program records that document its disbursement and delivery of Title IV, HEA program funds. The records that an institution must maintain include but are not limited to documentation relating to each student's or parent borrower's eligibility of Title IV, HEA program funds, including but not limited to documentation of the amount of the grant, loan, or FWS award; its payment period; its loan period, if appropriate; and the calculations used to determine the amount of the grant, loan, or FWS award, the date and amount of each disbursement or delivery of grant or loan funds, and the date and amount of each payment of FWS wages, the amount, date, and basis of the institution's calculation of any refunds or overpayments due to or on behalf of the student, or the treatment of Title IV, HEA program funds when a student withdraws; and the payment of any overpayment or the return of any Title IV, HEA program funds to the Title IV, HEA program fund, a lender, or the Secretary, as appropriate. 34 C.F.R. § 668.24(a)(6) and (c)(1)(iii-iv).

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 18

An institution shall establish and maintain reports and forms used by the institution in its participation in a Title IV, HEA program, and any records needed to verify data that appear in those reports and forms.  34 C.F.R. § 668.24(c)(vi).

An institution shall maintain required records in a systemically organized manner.  34 C.F.R. § 668.24(d)(1).

All record information must be retrievable in a coherent hard copy format or in other media formats acceptable to the Secretary.  34 C.F.R. § 668.24(d)(3)(i).

An institution shall keep all other records relating to its participation in the FFEL or Direct Loan Program, including records of any other reports or forms, for three years after the end of the award year in which the records are submitted.  34 C.F.R. § 668.24(e)(2)(i).

A school may maintain a record in an imaged media format only if the format is capable of reproducing an accurate, legible, and complete copy of the original document.  See *2018-19 Federal Student Aid Handbook, Volume 2, Chapter 7, page 191*.

FCSL is an institution that is required to take attendance by their accreditor and provided the Department with a document entitled "FCSL Attendance Process."  In this document, FCSL explains how attendance is taken and entered, see below for details.

- "Faculty and/or their faculty assistants are responsible for taking and entering attendance.
  Step 1- The Faculty member or their or their Faculty Assistant print off the course roster from the faculty portal for each class meeting.
  Step 2- The Faculty member takes attendance on the roster sheet in class.  They may take attendance on their own or pass around the roster sheet.
  Step 3- After the class, the Faculty member or their Faculty Assistant update attendance in the faculty portal.  (Database should be defaulting to all present.  The student who is absent is recorded as being absent for that class meeting period.)
    a.  Attendance will be entered for each day of add/drop and then once a week thereafter"

The Department conducted an interview on 08/12/2019 where both the Senior Director of Financial Aid and Registrar, and Academic Dean and Professor were present.  In this interview, the Department asked for additional information relating to FCSL's attendance policies and procedures.  FCSL discussed that the method for taking and tracking attendance is done manually through a roster, and the information is later transferred to the faculty portal, which is then imported into FCSL's student information system.

Additionally, the Department asked FCSL how attendance records are maintained.  FCSL said they were maintained electronically.  When the Department asked how FCSL maintained the original source attendance document (physical sign-in/roster), FCSL was unable to provide the

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 19

Department with an answer that demonstrated a systemically organized method for storing the attendance records that would allow for this information to be retrievable in a coherent format, physical or electronic copies of the original.  Additionally, FCSL did not have an established record retention policy for the attendance records to be kept for three years after the end of the award year in which the records are submitted.

This was demonstrated when the Department asked for the original attendance records relating to all classes taken during the term a student had a return of Title IV funds calculation performed. FCSL was unable to provide the original attendance records and responded to the Department's request with:

- "CampusVue is our 'system of record' for student attendance," "Not all faculty use sign in sheets and/or keep them, although it is preferred," "they simply enter attendance directly into CVue and/or their faculty assistant does," and "In many cases, all we have is what is in CVue."

This directly contradicts the "FCSL Attendance Process" document provided to the Department, along with the answers FCSL provided during the onsite interview.  FCSL must maintain source documentation (sign-in sheets, attendance logs, etc.) to validate grades, attendance, and Title IV entered into computer systems or other summary formats.  FCSL failed to do so.

**Required Action:**

FCSL must:
1. Update its policies and procedures to ensure that attendance is supported and accurate. The revised policies and procedures must ensure that electronic attendance records in CampusVue are supported by sign-in sheets
   a. Provide a copy of these updated policies and procedures in response to this program review report
2. Maintain source documentation (sign-in sheets, attendance logs, etc.) to validate grades, attendance, and Title IV entered into computer systems or other summary formats per the record retention requirements described in 34 C.F.R. § 668.24.  Attendance records are required to establish academic payment periods, establish whether or not a student is meeting an institution's Satisfactory Academic Progress (SAP) standards, determine if a student began attendance in a class, to build enrollment status for the term, and/or to establish the last date of attendance for a student who withdraws or stops attending, along with performing a return of Title IV funds calculation.  Therefore, FCSL is required to update its policies and procedures to ensure that Title IV source documentation is retained for the length of time outlined in regulation
   a. FCSL must provide a copy of these updated policies and procedures, outlining how the policies and procedures have changed to ensure proper retention

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 20

**Finding #9.  Return of Title IV Funds Policy Inadequate**

**Noncompliance:**

An institution must make readily available to all enrolled and prospective students any refund policies that it utilizes or that it is required to comply with for the return of unearned Title IV assistance.  34 C.F.R. §668.43(a)(2).

Additionally, an institution must also make readily available to all prospective and current students a summary of the requirements stipulated under 34 C.F.R. 668.22 for the return of Title IV grant or loan assistance.  34 C.F.R. §668.43(a)(4).

The Return of Title IV Funds (R2T4) consumer information provided by FCSL does not fully summarize the requirements of the federal R2T4 calculation as stipulated under 34 C.F.R. 668.22.  Specifically, FCSL's R2T4 policy did not contain:

- The conditions under which a student would be owed a disbursement of Title IV program funds upon withdrawal from the institution.

**Required Action:**

FCSL must:
1. Develop consumer information that summarizes the requirements stipulated under 34 C.F.R. 668.22 for R2T4 calculations.  This information must be published and be made readily available to all current and prospective students.
   a. Provide a copy of the updated policy and procedures and an explanation of how the information is readily available

**Finding #10.  Crime Awareness Requirements Not Met**

**Noncompliance:**

The Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act (Clery Act) and the Department's regulations require that all institutions that receive Title IV program funds must, by October 1 of each year, publish and distribute to its current students and employees through appropriate publications and mailing, a comprehensive Annual Security Report (ASR) that contains, at a minimum, all of the statistical and policy elements enumerated in 34 C.F.R. § 668.46(b).

The ASR must be prepared and actively distributed as a single document.  Acceptable means of distribution include U.S. Mail, campus mail, hand delivery, or by posting the ASR on the institution's website.  If an institution chooses to distribute its report by posting to an internet or intranet site, the institution must, by October 1 of each year, distribute a notice to all students and employees a statement of the report's availability and a link to its exact electronic address, a

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 21

description of its contents, as well as an advisement that a paper copy will be provided upon request. 34 C.F.R. § 668.41(e)(1).  The regulations also require institutions to provide a notice containing this information to all prospective students and employees.  This notice must also inform interested parties about how to obtain a paper copy of the ASR.
34 C.F.R. § 668.41(e)(4).

An ASR must include statistics for incidents of crimes reported during the three most recent calendar years.  The covered categories include criminal homicide (murder and non-negligent manslaughter), sex offenses (rape, fondling, incest and statutory rape), robbery, aggravated assault, burglary, motor vehicle theft, and arson.  In addition, an institution's ASR must identify if any of the aforementioned crimes are hate crimes by category of bias (larceny-theft, simple assault, intimidation and destruction/damage/vandalism of property crimes are included in the ASR only if they are hate crimes).  An institution's ASR must also contain statistics for dating violence, domestic violence and stalking, as well as arrest and disciplinary referral statistics for violations of certain laws pertaining to illegal drugs, illegal usage of controlled substances, liquor, and weapons.  Furthermore, an institution's ASR must indicate if a crime was "unfounded" and subsequently withheld from a crime statistic category.  The statistics must be published for the following geographical categories: 1) on campus; 2) on-campus student residential facilities (as a subset of category # 1); 3) certain non-campus buildings and property; and 4) certain adjacent and accessible public property.  34 C.F.R. § 668.46(c).

An ASR must also include several policy statements.  These disclosures are intended to inform the campus community about the institution's security policies, procedures, and the availability of programs and resources as well as channels for victims of crime to seek recourse.  In general, these policies include topics such as the law enforcement authority and practices of campus police and security forces, incident reporting procedures for students and employees, and policies that govern the preparation of the report itself.  Institutions are also required to disclose alcohol and drug policies and educational programs.  Policies pertaining to sexual assault education, prevention, and adjudication (including procedures for institutional disciplinary action in cases of alleged dating violence, domestic violence, sexual assault, or stalking) must also be disclosed.

An institution must provide detailed policies of the issuance of timely warnings and emergency notifications as well as its emergency response and evacuation procedures.  All required information referenced in 34 C.F.R. § 668.46(b) must be published in the ASR.  With the exception of certain drug and alcohol program information, cross-referencing to other publications is not sufficient to meet the publication and distribution requirements of the Clery Act.  34 C.F.R. § 668.46(b).

Finally, each institution must also submit its crime statistics to the Department for inclusion in the Department's Campus Safety and Security (CSS) website.  34 C.F.R. § 668.41(e)(5).

FCSL failed to prepare, publish, and distribute an accurate and complete 2018 ASR to all current and prospective students, faculty, and staff.  Specifically, FCSL's 2018 ASR did not include the following required policy statements:

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 22

- Describe procedures, if any, that encourage pastoral counselors and professional counselors, if and when they deem it appropriate, to inform the persons they are counseling of any procedures to report crimes on a voluntary, confidential basis for inclusion in the annual disclosure of crime statistics.  34 C.F.R. § 668.46(b)(4)(iv);
- A statement of policy concerning the monitoring and recording through local police agencies of criminal activity by students engaged at off-campus locations of student organizations officially recognized by the institution, including student organizations with off-campus housing facilities.  34 C.F.R. § 668.46(b)(7);
- A list of all of the possible sanctions that the institution may impose following the results of any institutional disciplinary proceeding for an allegation of dating violence, sexual assault, or stalking.  34 C.F.R. § 668.46(k)(1)(iii);
- Provide that proceedings will require simultaneous notification, in writing, to both the accuser and accused, of
    - the result of any institutional disciplinary proceedings that arises from an allegation of domestic violence, dating violence, sexual assault, or stalking;
    - the institution's procedures for the accused and the victim to appeal the results of the institutional disciplinary proceedings; if such procedures are available;
    - simultaneous notification, in writing to both the accuser and the accused of any change to the result; and
    - simultaneous notification, in writing to both the accuser and the accused when such results become final.  34 C.F.R. § 668.46(k)(2)(v).

**Required Action:**

FCSL must take all necessary corrective actions to resolve these violations.  At a minimum, the institution must perform the following:

1. FCSL must review and revise its existing internal policies and procedures that govern the preparation, publication, and distribution of its ASRs, and develop and implement any new policies and procedures as needed to ensure that all subsequent ASRs are accurate and complete.
2. An accurate and complete 2018 ASR must then be prepared, published, and distributed to the campus community.  A copy of the revised 2018 ASR and original 2018 ASR must be sent with the institution's official response to the program review report.
3. The Department must also receive documentation evidencing the distribution of the updated 2018 ASR with FCSL's response, as well as a certification statement attesting to the fact that the materials were provided in accordance with the Clery Act.  The certification must also affirm that the institution understands its Clery Act obligations and that all necessary corrective actions were taken to ensure that these violations do not recur.

The Department will evaluate FCSL's 2018 ASR for accuracy and completeness.  If any changes are needed, the institution will be required to actively distribute an updated

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 23

report to all current and potential students, faculty, and staff in accordance with 34 C.F.R.
§ 668.41(e).

As noted above, the exceptions identified in this finding constitute serious violations of the Clery
Act that by their nature cannot be cured.  There is no way to truly "correct" a violation of this
type once it occurs.  FCSL will be given an opportunity to address all of the weaknesses in its
Clery Act compliance program and in so doing, will begin to bring its overall campus security
program into compliance with the Clery Act as required by its Program Participation Agreement
(PPA).  However, please be advised that these remedial measures cannot and do not diminish the
seriousness of these violations, nor do they eliminate the possibility that the Department will
impose an adverse administrative action and/or require additional corrective measures.

Based on an evaluation of all available information including FCSL's response, the Department
will determine if additional actions are required to address this finding.  The Department will
advise the institution accordingly in its FPRD letter.

FCSL officials may wish to refer to the Department's "Handbook for Campus Safety and
Security Reporting" (2016 Edition) during the preparation of its response.  The Handbook is
available online at: http://www2.ed.gov/admins/lead/safety/handbook.pdf.  The regulations
governing the Clery Act can be found at 34 C.F.R. §§ 668.14, 668.41, 668.46, and 668.49.

### Finding #11.  Drug and Alcohol Abuse Prevention Program (DAAPP) Requirements Not Met

**Noncompliance:**

The Drug-Free Schools and Communities Act (DFSCA) and Part 86 of the Department's
General Administrative Regulations require each institution of higher education (IHE) to certify
that it has developed and implemented a drug and alcohol abuse prevention program (DAAPP).
The program must be designed to prevent the unlawful possession, use, and distribution of drugs
and alcohol on campus and at recognized events and activities.

On an annual basis, each IHE must provide the following information in writing to all current
students (enrolled for any type of academic credit except for continuing education units) and all
current employees:

1. A written statement about its standards of conduct that prohibits the unlawful possession, use, or distribution of illicit drugs and alcohol by students and employees;
2. A written description of legal sanctions imposed under Federal, state, and local laws for unlawful possession or distribution of illicit drugs and alcohol;
3. A description of the health risks associated with the use of illicit drugs and the abuse of alcohol;
4. A description of any drug or alcohol counseling, treatment, or rehabilitation or re-entry programs that are available to students and employees; and

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 24

5. A statement that the IHE will impose disciplinary sanctions on students and employees for violations of the institution's codes of conduct and a description of such sanctions.

The distribution plan must make provisions for providing the DAAPP disclosure annually to students who enroll at a date after the initial distribution and for employees who are hired at different points throughout the year.

In addition, each IHE must conduct a biennial review to determine the effectiveness of its DAAPP and to ensure consistent enforcement of applicable drug and alcohol-related statutes, ordinances, and institutional policies against students and employees found to be in violation. All biennial review materials (referred to as "the biennial review report") must be organized and maintained by the IHE and made available to the Department upon request.  34 C.F.R. §§ 86.3 and 86.100.

FCSL violated a provision of the DFSCA and the Department's Part 86 regulations and failed to develop and implement a comprehensive DAAPP.  Specifically missing from FCSL's DAAPP was:

- A statement that it will impose disciplinary sanctions on students and employees.  FCSL directs students to the "Student Code of Conduct"; however, FCSL does not list, or provide a link to, sanctions for direct employees or staff.

Failure to comply with the DFSCA's DAAPP requirements deprives students and employees of important information regarding the educational, disciplinary, health, and legal consequences of illegal drug use and alcohol abuse.  Such failures may contribute to increased drug and alcohol abuse as well as an increase in drug and alcohol-related violent crime.

**Required Action:**

FCSL must take all necessary corrective actions to resolve these violations.  At a minimum, the institution must perform the following:

1. Develop and implement a comprehensive DAAPP that includes all of the required elements found in the DFSCA and the Department's Part 86 regulations; and
2. Redistribute the most recent DAAAPP in accordance with the Part 86 regulations and provide documentation evidencing the distribution, along with a statement of certification attesting to the fact that the materials were provided in accordance with the DFSCA. This certification must also affirm that the institution understands all of its DFSCA obligations and that it has taken all necessary corrective actions to ensure that these violations do not recur.

As noted above, the exceptions identified in this finding constitute serious violations of the DFSCA that by their nature cannot be cured.  There is no way to truly "correct" a violation of this type once it occurs.  FCSL will be given an opportunity to develop and distribute an accurate and complete DAAPP disclosure and to finally begin to bring its drug and alcohol programs into

Florida Coastal School of Law
OPE ID: 03374300
PRCN: 2019-4-11-30066
Page 25

compliance with the DFSCA as required by its PPA.  However, the institution is advised that these remedial measures cannot and do not diminish the seriousness of these violations nor do they eliminate the possibility that the Department will impose an adverse administrative action and/or require additional corrective measures.

Based on an evaluation of all available information including FCSL's response, the Department will determine if additional actions are required and will advise the institution accordingly in its FPRD letter.

## D.  Appendices

Appendix A (Student Sample) contains personally identifiable information and will be emailed to FCSL as an encrypted WinZip file using Advanced Encryption Standard, 256-bit.  The password needed to open the encrypted WinZip file(s) will be sent in a separate email.

## PROTECTION OF PERSONALLY IDENTIFIABLE INFORMATION

Personally Identifiable Information (PII) being submitted to the Department must be protected. PII is any information about an individual which can be used to distinguish or trace an individual's identity (some examples are name, social security number, date and place of birth).

PII being submitted electronically must be encrypted. The data must be submitted in a .zip file encrypted with Advanced Encryption Standard (AES) encryption (256-bit is preferred). The Department uses WinZip, however, files created with other encryption software are also acceptable, provided that they are compatible with WinZip (Version 9.0) and are encrypted with AES encryption. Zipped files using Win Zip must be saved as Legacy compression (Zip 2.0 compatible).

The Department must receive an access password to view the encrypted information. The password must be e-mailed separately from the encrypted data. The password must be 12 characters in length and use three of the following: upper case letter, lower case letter, number, special character. A manifest must be included with the e-mail that lists the types of files being sent (a copy of the manifest must be retained by the sender).

Hard copy and electronic files containing PII must be:

- sent via a shipping method that can be tracked with signature required upon delivery
- double packaged in packaging that is approved by the shipping agent (FedEx, DHL, UPS, USPS)
- labeled with both the "To" and "From" addresses on both the inner and outer packages
- identified by a manifest included in the inner package that lists the types of files in the shipment (a copy of the manifest must be retained by the sender).

**PII data cannot be sent via fax.**