

August 7, 2019

Mr. Scott DeVito  
Dean  
Florida Coastal School of Law  
8787 Baypine Road  
Jacksonville, FL 32256-8528

*sent via e-mail to* sdevito@fcsl.com

Re: **Abbreviated Pre-Acquisition Review of the Proposed Change in Ownership Application of Florida Coastal School of Law (OPE ID 03374300) to be acquired by PhoenixLaw Foundation**

Dear Mr. DeVito:

At your request, the Multi-Region and Foreign Schools Participation Division ("MRFSPD") of the U.S. Department of Education ("Department"), Federal Student Aid has conducted an abbreviated pre-acquisition review ("APAR") of the proposed change in ownership ("CIO") application of Florida Coastal School of Law ("FCSL" or "the Institution") OPE ID 03374300. At the current time, FCSL is owned by Florida Coastal School of Law, Inc. ("FCSLI" or "Seller") (Level 1 owner), which is owned by Infilaw Corporation ("Infilaw") (Level 2 owner), which is owned by Infilaw Holding, LLC ("IHLLC")(Level 3 owner), which is owned by Sterling Capital Partners, L.P. ("Sterling") (Level 4 owner). Collectively, FCSLI, Infilaw, IHLLC, and Sterling are hereinafter referred to as the "Infilaw Parties."

If consummated, the CIO will be accomplished pursuant to the terms of an Asset Purchase Agreement ("APA") between the FCSLI and PhoenixLaw Foundation, an Arizona nonprofit corporation ("PhoenixLaw" or "Buyer") ("the Transaction"). PhoenixLaw will serve as the new Level 1 owner of FCSL. PhoenixLaw and FCSLI are hereinafter collectively referred to as the "APA Parties."

The APAR process only focuses on whether the Department will require an irrevocable 25% letter of credit ("25% LOC") to be posted because the Institution's new owner cannot submit two years of financials to comply with the requirements of a materially complete application pursuant to 34 C.F.R. § 600.20(g)(2)(iv).[1] The APAR process does not determine, and this abbreviated pre-acquisition review determination letter ("APAR-DL") does not include, any guidance to the Institution (or the parties to the CIO) about other potential conditions that may be imposed if the Department approves the CIO. Nor does the APAR process or the ARAR-DL provide any assessment, even a preliminary assessment, of whether the Department sees any impediments to

---

[1] If the institution's new owner submits one year of acceptable financial statements, the required LOC to comply with 34 C.F.R. § 600.20(g)(2)(iv) is 10%.



Federal Student Aid, Multi-Regional and Foreign Schools Participation Division  
830 First Street NE, Union Center Plaza, 7th Floor, Washington, DC 20202-5340  
StudentAid.gov

FCSL - 000182

approving the CIO or conversion to nonprofit status. In addition, notwithstanding the Department's determination about an LOC to satisfy the requirements of 34 C.F.R. § 600.20(g)(2)(iv), the Department may nevertheless require an additional LOC (or the continuation of an existing LOC) as a result of its review of the same day balance sheet (or other areas of financial responsibility) following the closing of the Transaction. Nor does the Department's determination about an LOC in an abbreviated review (to satisfy the requirements of a materially complete application) impact the amount of any existing or requested financial responsibility LOC. Accordingly, the Department advises the APA Parties that this APAR-DL is based on the Department's preliminary review of the electronic application and documents received to date for this purpose only, and that a more substantive review will need to take place either before (if a Comprehensive Pre-Acquisition Review is later requested), or after consummation of the Transaction.

IHLLC is the Level 3 owner of FCSL, as well as Charlotte School of Law and Arizona Summit Law School ("the Law Schools"). On June 18, 2019, the Department advised IHLLC that it fails to meet the standards of financial responsibility as described in 34 C.F.R. § 668.172, Financial Ratios, with a composite score for the fiscal year ended July 31, 2018 of (1.0). The Department further advised IHLLC that FCSL may only continue participation in Title IV, HEA programs if IHLLC elects one of the two alternatives described in the June 18, 2019 letter: IHLLC must either post an LOC in the amount of 70% of the Title IV, HEA program funds received by the Law Schools during their most recently completed fiscal year; or post an LOC in the amount of 35% of the Title IV, HEA program funds received by the Law Schools during their most recently completed fiscal year and be provisionally certified for a period of up to three complete award years.

Subsequent to its receipt of the June 18, 2019 letter, IHLLC requested reconsideration of the LOC requirements. The Department responded on July 12, 2019 declining to make any changes to the LOC requirements; however, the Department did offer additional alternatives for satisfying the 35% LOC requirement:

> 1) IHLLC can post more than one LOC so long as the total amount of surety provided is not less than $5,681,255 in total. All three OPE IDs owned by IHLLC must be included on each of the LOCs. The LOCs cannot be restricted from covering unknown or future liabilities of IHLLC as result of its participation (as an owner of institutions) in Title IV, HEA programs. With this alternative, IHLLC must post 10% of the required 35% LOC ($1,623,216) by the original due date of September 1, 2019, and must post the remaining portion of the 35% LOC (i.e., 25%) by September 30, 2019; or

> 2) FCSL will be placed on Heightened Cash Monitoring 2 Payment Method ("HCM2") and the Department will withhold a percentage of each HCM2 request until FCSL has funded a Department-held escrow account with $5,681,255. A separate letter and agreement will be sent to IHLLC if this alternative is selected. The percentages will be set so that the full amount of the required LOC ($5,681,255) will be offset within a 9-month period.

Florida Coastal School of Law
OPE ID 03374300
Page 3 of 12

IHLCC submitted a counterproposal, seeking to enter into a payment plan to resolve closed-school loan discharges for the Law Schools that is backed by two incremental LOCs which total the amount required by the 35% LOC option. That proposal is still under consideration. However, the posting deadlines and requirements have not been changed. If IHLLC fails to provide the required LOC by the stated deadlines (or agreed to the HCM2 alternative), the Department may initiate an action under Subpart G of 34 C.F.R. § 668 to fine the Institution, or limit, suspend, or terminate the Institution's participation in the title IV, HEA programs.

Approval of the CIO is contingent on FCSL's compliance with the requirements of 34 C.F.R. § 600.20(g) and (h), the Department's review and approval of any submissions required by those regulatory provisions, and any further documentation and information requested by the Department following the CIO, including all documents related to the Transaction. Some of the items for further review are described below. As explained above, this APAR-DL is intended to provide FCSL with the Department's current view about the LOC requirements to submit a materially complete application, but the Department may impose different LOC requirements or other conditions if it finally approves the CIO, following its full review of all documents and information as later requested by the Department.

I. **CHANGE IN OWNERSHIP**

The Department regulations identify certain covered transactions for an institution that constitute a CIO which require the institution to apply for and obtain approval from the Department to continue participating in Title IV, HEA programs. These include instances where an institution is sold, is merged with one or more eligible institutions, experiences a CIO of the controlling stock, has a transfer of assets that comprise a substantial portion of the educational business of the institution, or has a change in status as a for-profit, nonprofit, or public institution. 34 C.F.R. § 600.31(d). To establish eligibility and to continue participation in Title IV, HEA programs, an institution must demonstrate to the Department that, after the change, the institution qualifies to be certified to participate under 34 C.F.R. Part 668, Subpart B pursuant to 34 C.F.R. § 600.31(a)(3)(ii).

Under the APA, the assets of FCSL's Level 1 owner, FCSLI, will be sold to PhoenixLaw.

II. **UNINTERRUPTED PARTICIPATION IN THE TITLE IV PROGRAMS PRIOR TO EXECUTION OF THE PROVISIONAL PROGRAM PARTICIPATION AGREEMENT**

  A. **Requirements within 10 days following the Change of Ownership[2]**

When a CIO occurs, the Department may continue an institution's participation on a provisional basis if the institution submits a "materially complete application" that is received by the Department no later than 10 business days after the date the change occurred. *See* 34 C.F.R. § 600.20(g). If a materially complete application is submitted, the Department may consider

---

[2] The Department has numbered each of the document requests sequentially to facilitate the Institution's response.

Florida Coastal School of Law
OPE ID 03374300
Page 4 of 12

offering FCSL a Temporary Provisional Program Participation Agreement ("TPPPA"), pending the Department's and the Institution's execution of a Provisional Program Participation Agreement ("PPPA").

To submit a materially complete application (34 C.F.R. § 600.20(g)(2)), an institution must submit the following:

|   |   | Status |
|---|---|---|
| 1 | Complete electronic Application for Approval to Participate in the Federal Student Aid programs; | *The electronic application has been submitted. The original signature page has been submitted.* |
| 2 | In accordance with 34 C.F.R. § 600.20(g)(2)(i), - a copy of the institution(s)'s state licenses or equivalent that:<br><br>A. Were in effect on the day before the CIO; and<br><br>B. Authorized the institution(s) to provide a program of postsecondary education in the state(s) in which it is physically located; | *Please submit* |
| 3 | In accordance with 34 C.F.R. § 600.20(g)(2)(ii), a copy of the accrediting agency approval that:<br><br>A. Was in effect on the day before the CIO and granted the institution(s)'s accreditation status; and<br><br>B. Includes approval of the non-degree programs it offers; | *Please submit* |
| 4 | In accordance with 34 C.F.R. § 600.20(g)(2)(iii), audited financial statements of the institution(s)'s two most recently completed fiscal years that are prepared in accordance with the requirements of 34 C.F.R. § 668.23 must be submitted. Under 34 C.F.R. § 668.23(d), these statements must be prepared on an accrual basis in accordance with generally accepted accounting principles ("GAAP"), and audited by an independent auditor in accordance with generally accepted government auditing standards ("GAGAS"); and | *Please submit audited financial statements for FCSL (if available on a standalone basis) or FCSLI.* |
| 5 | In accordance with 34 C.F.R. § 600.20(g)(2)(iv), a new owner is required to submit audited financial statements of its two most recently completed fiscal years that are prepared and audited in accordance with the requirements of 34 C.F.R. § 668.23(d), including statements prepared in | *IHLLC submitted financial statements for PhoenixLaw Foundation – see below for discussion* |

**FCSL - 000185**

|  |  | Status |
|---|---|---|
|  | accordance with GAAP and audited in accordance with GAGAS. |  |

### B. Continuation of the TPPPA

In accordance with 34 C.F.R. § 600.20(h)(2)(iii), the TPPPA expires on the last day of the month following the month in which the CIO occurred. At the Department's discretion, the TPPPA may be extended on a month-to-month basis only if, prior to the expiration date, an institution submits:

|  |  | Status |
|---|---|---|
| 6 | A "same day" balance sheet showing the financial position of the institution(s), as of the date of the ownership change, that is prepared in accordance with GAAP and audited in accordance with GAGAS; | *Please submit via eZ-Audit system.* |
| 7 | Approval of the CIO from the state(s) in which the institution(s) are located by the state agency that authorizes the institution to legally provide postsecondary education in that state; nonprofit authorization for all states in which the institution is located; | *Please submit.* |
| 8 | Approval of the CIO from the institution(s)'s accrediting agency(ies); and | *Please submit.* |
| 9 | In accordance with the requirement under 34 C.F.R. § 668.14(b)(15), the institution(s) must submit a copy of its Default Management Plan, or confirmation that the institutions will use the default management plan recommended by the Secretary of Education. | *Please submit or confirm exempt status* |

To the extent the above items have not already been provided, if the Institution fails to provide them by the stated expiration date of the TPPPA, the TPPPA will expire on that date, without further notice.

### C. Additional Documents and Information Required for Department's Review

In addition to the foregoing documents, the APA Parties (*no later than the period described in 34 C.F.R. § 600.20(h)(2)(iii)*) must also submit the following documents and information for the Department to complete its review of the CIO:

FCSL - 000188

| | | Status |
|---|---|---|
| 10 | A. A copy of the final agreement (executed version) by which the CIO was consummated, including all schedules, appendices and exhibits, and any related documents or agreements.<br><br>B. Identify the members/shareholders/partners of the APA Parties, including the identity of all-natural persons (together with his or her family members) with at least 25% interest in any member/shareholder/partner of any owner; and<br><br>C. A copy of the closing index for the Transaction | *Please submit* |
| 11 | An ownership structure chart after the Transaction. Each entity in the ownership structure should be identified by its legal name, with the state of organization or incorporation and the date of organization or incorporation for each. As a part of, and at the bottom of each structure, please identify the OPE ID number of any institution(s) involved in the Transaction; the highest level owner should be shown at the top of the structure, with the Level One owner at the bottom of the structure just above the name and OPE ID of the institution. Indicate the percentage of ownership for each owner in the structure. Please include in the structure chart any other participating institution which is owned directly or indirectly by any owner in the proposed ownership structure even if the ownership interest is less than 25% in the institution to be acquired or in the other participating institution. | *Please submit final chart* |
| 12 | If the institution(s) have plans to close any campuses in the first 24 months following the Transaction, provide a campus structure chart illustrating those plans. Please include the campus structure chart even if closure plans are tentative or if the details are not finalized. | *Please submit*<br><br>*If there are no current plans to close any campuses within 24 months of the transaction, please confirm.* |
| 13 | If the institution(s) have plans to change programs in the first 24 months following the Transaction, please provide a detailed list of all such plans by campus, including plans to modify, add, or eliminate programs. | *Please submit*<br><br>*If there are no current plans to make program* |

FCSL - 000189

| | | |
|---|---|---|
| | | *changes within 24 months of the transaction, please confirm.* |
| 14 | A. A copy of all servicing or consulting agreements (transition servicing, master servicing, etc.) including any schedules, appendices and exhibits, and any related agreements<br><br>B. Confirm that no employees, officers and/or board members/trustees of the APA Parties or the institution(s), or their family members (see 34 C.F.R. § 600.21(f)) have any relationship with any of the parties to the agreements identified in A above. Otherwise, identify the relationships. | *Please submit* |
| 15 | A. All agreements and documents relating to acquisition financing and anticipated line(s) of credit for the first two fiscal years of operations;<br><br>B.1. A list of all lenders identified in the credit or financing agreement or any ancillary agreements, along with their respective interest percentages;<br><br>B.2. For any non-bank lender with at least a 10% stake, identify the members/shareholders/partners, including the identity of all natural persons (together with his or her family members (see 34 C.F.R. § 600.21(f))) with at least a 25% ownership interest in any member/shareholder/partner within the ownership chain of the lender; and<br><br>C. Confirm that no employees, officers and/or board members/trustees of the Buyers or the institution(s), or their family members (see 34 C.F.R. § 600.21(f)) have any relationship with any of the lenders (including those with less than a 10% interest). Otherwise, identify the relationships. | *Please submit* |
| 16 | A. A list of post-transaction board members for the institution(s), for the Buyers and for any other entities in the structure; and<br><br>B. A resume or curriculum vitae for each identified board member. | *Please submit* |
| 17 | A list of all known open investigations for the institution(s) or any institution directly or indirectly | *Please submit or state not applicable.* |

| | | |
|---|---|---|
| | owned by Buyers; (including but not limited to local, state, federal, foreign, and accrediting agency), identifying the agency or agencies involved, and the purpose of the investigation. | |
| 18 | A list of all investigations for the institution(s) or any institution directly or indirectly owned by the Buyers; that were closed within the most recent 5-year period, including the purpose of the investigation, the disposition of the investigation, including a copy of any settlement agreement or other documentation closing the investigation. | *Please submit or state not applicable.* |
| 19 | A copy of the preliminary and final report of all site reviews conducted by the licensing authority(ies) within the most recent 5-year period. Include any reports for reviews closed within the most recent 5-year period. In addition, indicate any planned site reviews scheduled for the future. | *Please submit.* |
| 20 | Copies of any adverse action notices issued by the institution(s)'s accreditation agency(ies) within the past twelve (12) months. | *Please submit.* |
| 21 | Copies of any adverse action notices issued within the past twelve (12) months by the accreditation agency of any institution directly or indirectly owned by the Buyers. | *Please submit or state not applicable.* |
| 22 | An organization chart listing all employees involved in the administration of Title IV and all executive employees of the institution by department. | *Please submit.* |

| | | |
|---|---|---|
| **Additional Information Related to Requested Conversion to Nonprofit Status** (to be submitted at the same time as items 6-22) | | |
| 23. | A. A list of post-transaction board members for Buyer and all subsidiaries through the highest level of nonprofit ownership; <br><br> B. Final IRS determination of tax-exempt status and any correspondence with the IRS related thereto, including all subsequent correspondence related to the status; state whether specific approval as an educational institution has been obtained, and if so, please provide. | *Please submit (or explain if the documentation does not exist). If documentation previously provided, please confirm.* |

|   |   |   |
|---|---|---|
| | C. Final State nonprofit authorization for all states in which the Institution is located, and any correspondence with the state related thereto, including all subsequent correspondence related to the status.<br><br>D. Board minutes and/or resolutions approving the transaction (Buyer and Infilaw Parties); and<br><br>E. IRS Form 990's for the Buyer (and any subsidiaries) for the past five tax years;<br><br>F. Any valuations prepared for the transaction, whether commissioned by the Infilaw Parties or the Buyer: | |

The Department may also request additional documents as necessary to complete its full review.

**Please provide a cover letter responding to all of the above categories to indicate whether or not documents are being produced and to provide a narrative response where appropriate. Please organize the responsive documents in folders that correspond to the numbers in this letter (01, 02, etc.), naming each folder in accordance with the following examples:**

    **02 – State licenses**
    **03 – Accrediting agency approvals**

Please label each folder and document with a descriptive name using the fewest number of characters possible.

*NOTE:* Sometimes the Department receives FOIA requests in regard to transactions it reviews. Before a document is released under FOIA, the Department reviews it to determine if any portion of the document may be exempt under 5 U.S.C. § 552(b). The Department is required to make an independent determination of each exemption, including to determine if any of the documents are within the scope of the exemption set forth in 5 U.S.C. § 552(b)(4) ("Exemption 4"). Exemption 4 protects matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential," as construed under governing federal law.

When you submit the documents, please identify *(but do not redact)* any business information that you believe to be exempt from disclosure under Exemption 4. In addition, please provide a detailed written statement specifying all grounds under Exemption 4 for denying access to the information, or any portion thereof – this statement does not need to be submitted by the deadline for the documents, ***but please submit it no later than 14 days after you submit your documents in response to this letter***. Please note that your designations of exempt material are not binding on the Department. A blanket designation on each page of a submission that all information contained on the page is protected from disclosure under Exemption 4 presumptively will not be considered a good faith effort. 34 C.F.R. § 5.11(c)(3).

Also, in the event that there is PII in the submission, please redact all personally identifiable information contained in the documents that is not necessary for the Department's review of the transaction. Signatures of all parties to the transaction and their agents, including officers, authorized representatives or board members should not be redacted.

The documents can be submitted via email to Michael Powers at michael.e.powers@ed.gov, Rhonda Puffer at rhonda.puffer@ed.gov, and Chartise Logan at chartise.logan@ed.gov if the attachments are less than 20 megabytes per email. If the document submission is too voluminous to be submitted via email, a USB external drive should be sent to:

> Attn: Jamal Steward
> U.S. Department of Education
> Federal Student Aid
> Multi-Regional and Foreign Schools Participation Division
> 830 First Street, NE
> Union Center Plaza, Mail Stop 5340
> Washington, DC 20202

A manifest must be included with document submission that lists the types of files being sent (a copy of the manifest must be retained by the sender).

### III. LETTER OF CREDIT DETERMINATION AND GROWTH RESTRICTIONS

According to the financial statements submitted by FCSL for the fiscal year ended July 31, 2018, the prospective buyer, PhoenixLaw:

> *"...is an Arizona nonprofit corporation formed in May 2009 with a defined mission to always be operated for charitable and educational activities, solely and exclusively in the interest of the general public. Currently, the Foundation provides lending and scholarship opportunities. The Foundation has recently expanded its purpose and nature of the business to include the operation of a school. The Foundation's revenues are currently derived solely from contributions."*

PhoenixLaw's financial statements for the year ended July 31, 2018 show no contribution activity, its only expenses were $190 for supporting services, and ending assets were $18,980 in cash. PhoenixLaw has limited assets and virtually no operations. PhoenixLaw has no experience in operating any business, let alone a Title IV-eligible institution with current funding levels in excess of $16,000,000 annually. Thus, the Department has determined that the financial statements that have been submitted by PhoenixLaw do not satisfy the requirements of 34 C.F.R. § 600.20(g)(2)(iv) for the purposes of providing a materially-complete application.

To satisfy the requirements of 34 C.F.R. § 600.20(g)(2)(iv), PhoenixLaw must submit an irrevocable LOC in the amount of 25% of FCSL's Title IV funding during its most recently completed fiscal year ("25% LOC"). We have determined that the 25% LOC must be in the amount of $4,058,040 for the period of participation under the TPPPA and for the first full fiscal year following the Department's approval of the CIO.

The 25% LOC must be maintained until the new owner provides the Department with audited financial statements for one complete fiscal year. Once the new owner submits and the Department accepts audited financial statements that covers one complete audited fiscal year along with an acceptable compliance audit, the Department may determine that the 25% LOC can be reduced to an irrevocable 10% LOC, under the same funding guidelines. If the 25% LOC is reduced to 10%, it will remain in effect at least until the new owner submits a second complete fiscal year of audited financial statements.

Each submission of audited financial statements will be evaluated and if the submission fails the financial responsibility standards or it is determined that FCSL is not administratively capable an additional LOC would be required, or any existing financial responsibility LOC will need to be increased ("Financial Responsibility LOC").

Because the 25% LOC required by this letter satisfies the requirement of 34 C.F.R. § 600.20(g)(2)(iv) as part of the materially complete application, the 25% LOC must be posted within 10 days of the CIO so that FCSL may continue to participate under a TPPPA. If a Financial Responsibility LOC must be posted or increased as a result of the review of the same-day balance sheet or other information contained in the application, the Financial Responsibility LOC must be posted no later than the date indicated in the Department's letter requiring the Financial Responsibility LOC.

Note: In the event that the financial institution issuing any LOC fails, resulting in financial transactions and operations being administered by the Federal Deposit Insurance Corporation, the Institution is required to notify the MRFSPD within 3 business days of the Institution's notification of such event. Within 30 days thereafter, the Institution must submit a new replacement LOC issued by a different and non-failed U.S. bank.

***Restriction on Growth.*** The addition of FCSL to the ownership control of PhoenixLaw results in an instantaneous and significant responsibility for Title IV, HEA funds by the new owners. Given this immediate responsibility, the Department has determined that it would be prudent to place a limit on how new programs are added.

For purposes of its participation in the Title IV programs, the institution is not allowed to change its educational programs, or add new programs or locations not already approved by the Department and included in the institution's Eligibility and Certification Approval Report, until the MRFSPD has accepted and reviewed the institution's financial statements and compliance audits that covers one complete fiscal year of the institution's uninterrupted Title IV participation under the new owner.

***Notice to the Department and Materially Complete Application.*** Once the CIO takes place, FCSL must notify the Department within 10 business days and complete all requirements to submit a materially complete application. Since FCSL has already submitted its electronic application, please send this notification and the other documentation required for a materially complete application to Chartise Logan at chartise.logan@ed.gov.

Florida Coastal School of Law
OPE ID 03374300
Page 12 of 12

As stated above, the LOC required by this letter must be posted no later than 10 days following the CIO, and any Financial Responsibility LOC required after review of the same day balance sheet or other information contained in the application must be posted no later than the date indicated in the Department's letter requiring the Financial Responsibility LOC.  A sample form of LOC is enclosed.  The LOC must be issued by a United States bank.  The LOC should be delivered to:

> Veronica Pickett, Director
> Performance Improvement and Procedures Service Group
> U.S. Department of Education
> Federal Student Aid/Program Compliance
> 830 First Street, NE, UCP3, MS 5435
> Washington, DC  20002-8019

If you have any questions, please contact Michael E. Powers at michael.e.powers@ed.gov or 312-730-1729, or Chartise Logan at chartise.logan@ed.gov or (202) 377-3640.

Sincerely,

Michael Frola
Division Director

Enclosure: Sample form of LOC

cc:     Rick Inatome, President Infilaw Systems *(email: rinatome@infilaw.com)*

**U.S. Department of Education**
**Irrevocable Letter of Credit for**
<Insert Name of Institution>
**Page 1**

# IRREVOCABLE LETTER OF CREDIT

<Insert name, address and telephone number of issuing bank>

*To beneficiary:*
U.S. Department of Education
ATTN: Veronica Pickett, Director
Performance Improvement and Procedures Service Group
Federal Student Aid/Program Compliance
830 First Street, NE, UCP3, MS 5435
Washington, DC 20002-8019

**Date:** <Insert Date LOC Issued>
**Amount:** $ <Insert U.S. Dollar amount>
**Expiration Date:** See Below

Dear Sir/Madam:

We hereby establish our Irrevocable Letter of Credit Number <Insert LOC Number> in your favor for the account of:

<Insert Name and Address of Institution>
**OPE-ID #:** <Insert 8 digit Office of Postsecondary Education ID number>

Hereafter, <Insert Name of Institution> ("Institution"), presents, in the amount of $<Insert Dollar Amount> (U.S. dollars), available by your draft (or drafts drawn on us) at sight accompanied by:

a) the original of this letter of credit instrument (along with originals of all amendments), and
b) a statement signed by the Secretary ("Secretary"), U.S. Department of Education ("Department"), or the Secretary's representative, certifying that the drafted funds will be used for one or more of the following purposes, as determined by the Secretary:

1) to pay refunds of institutional or non-institutional charges owed to or on behalf of current or former students of the Institution, whether the Institution remains open or has closed;

2) to provide for the "teach-out" of students enrolled at the time of the closure of the Institution; or

Version: February 15, 2017

**FCSL - 000196**

**U.S. Department of Education**
**Irrevocable Letter of Credit for**
<Insert Name of Institution>
**Page 2**

    3) to pay any fines, penalties, or liabilities whatsoever owing to the Secretary arising from the Institution's participation in programs authorized under Title IV of the Higher Education Act of 1965, as amended ("HEA"), including, without limitation, the violation of any agreement entered into by the Institution with the Secretary regarding the administration of programs under Title IV of the HEA and any liability owed to the Secretary pursuant to Sections 437 and 455(h) of the HEA, 20 U.S.C. §§ 1087(c), 1087e(h), or any regulation promulgated thereunder.

As used herein, the term "teach-out" shall include all activities conducted pursuant to a "teach out agreement," as that term is defined in 34 C.F.R. § 602.3, and/or other services designed to facilitate the transition of such students to another educational program. Should the Institution fail to renew the letter of credit within ten (10) days prior to its expiration, as directed by the Department, the Department may call the letter of credit and place the funds in an escrow account at the Department pending a prompt determination of the extent to which those funds will be used in accordance with subparagraphs (b)(1) through (b)(3), above.

We hereby agree with you that partial drawings are permitted and that drafts drawn under and in compliance with the terms of this letter of credit will be duly honored upon due presentation at our offices on or before the expiration date of this letter of credit.

This letter of credit is subject to the International Standby Practices (ISP98), International Chamber of Commerce Publication Number 590.

_____  _____  _____
Printed Legal Name            Authorized Signature          Date Signed

_____
Printed Official Title of Authorized Signer

Version: February 15, 2017

FCSL - 000195