# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| FLORIDA COASTAL SCHOOL OF LAW, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. 3:21-cv-721-MMH-JBT |
| MIGUEL CARDONA, in his official capacity as Secretary of Education, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE THIRTY (30) EXCESS PAGES

On March 31, 2021, the Florida Coastal School of Law's agreement to participate in Title IV federal student aid programs expired. Florida Coastal filed this suit on July 20, along with a motion for emergency injunctive relief that is more than twice as long as the local rules permit. In that motion, Florida Coastal represented that it would "close imminently" if its Title IV participation (which had lapsed more than three-and-a-half months earlier) was not restored, and sought a ruling "as soon as possible, but no later than July 27, 2021," PI Mot. at 1; ECF No. 5 at 6, although under the local rules the Secretary of Education's opposition is not due until that same day.

1

The motion seeking relief was accompanied by a motion for leave to file thirty (30) pages over and above the twenty-five (25) pages permitted by the local rules. Florida Coastal made a conclusory suggestion that increasing its page limits while decreasing the Secretary's time to respond "will not cause prejudice to any party." ECF No. 4 at 2. And although Florida Coastal was aware that undersigned counsel would be representing the Secretary, *see* PI Mot. at 3; ECF No. 5 at 8, it represented that it had "been unable to confer and determine whether this motion [to exceed page limits] is unopposed," ECF No. 4 at 2.

The Secretary opposes Florida Coastal's motion for leave to file more than twice the pages permitted in support of its motion for emergency injunctive relief. The strict enforcement of page limits is especially crucial when emergency relief is sought, so that the Defendant and the Court are not burdened with extraneous argumentation on a compressed timeline. Certainly what Florida Coastal suggests—increasing its page limits while reducing the Secretary's and the Court's time to consider and address its arguments—should not be permitted. The Secretary respectfully requests that if Florida Coastal's overlength brief is permitted to remain on the docket, then the Secretary should be granted adequate time to prepare his opposition before any hearing is held. Alternatively, if the case is to proceed

on an accelerated timeline, then Florida Coastal should be required to comply with the page limits that apply to all motions filed in this district.

| | |
|---|---|
| Dated: July 21, 2021 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| | CARLOTTA WELLS<br>Assistant Director<br>Federal Programs Branch |
| | */s/ James Bickford*<br>JAMES BICKFORD<br>Trial Attorney (N.Y. Bar No. 5163498)<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, DC 20530<br>James.Bickford@usdoj.gov<br>Telephone: (202) 305-7632<br>Facsimile: (202) 616-8470 |
| | *Counsel for Defendants* |

3