UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| FLORIDA COASTAL SCHOOL OF LAW, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | No. 3:21-cv-721-MMH-JBT |
| v. | ) ) | |
| MIGUEL CARDONA, in his official Capacity as Secretary of the United States Department of Education, *et al.,* | ) ) ) ) ) | **Defendants' Opposition to Motion for Leave to File Surreply to Motion to Dismiss** |
| Defendants. | ) ) | |

Florida Coastal School of Law, Inc. ("FCSL") seeks leave to file a surreply to Defendants' Motion to Dismiss based on the incorrect premise that Defendants' reply brief "raised new arguments to which FCSL has not had an opportunity to respond." ECF No. 45. On the contrary, Defendants' sought leave to file a reply only in order to address new claims that were raised in FCSL's opposition—including entirely new theories of injury that were not pled in the Complaint. *See* ECF 41 at 1.

FCSL's Complaint makes clear that this lawsuit is an attempt to prevent the Department from "ending FCSL's participation in programs offered under Title IV of the Higher Education Act." ECF 1 ¶ 1. Because FCSL is no longer eligible for Title IV programs, this case is moot. *See* ECF 33. Yet, FCSL's opposition to the motion to dismiss argued for the first time that it still has standing because certain

"findings" in the challenged decisions may hurt its reputation or have other collateral consequences at some point in the future. *See* ECF 41 at 1; ECF 44 at 1-2.

Defendants' Reply, therefore, responded to the issues raised in FCSL's opposition, as a reply is supposed to do. The Reply explained that the Department's analysis and conclusions are part of the same agency action—termination of FCSL's participation in Title IV programs—which is moot. ECF 44 at 3-5. The Reply further pointed out that FCSL's new theories about collateral consequences that may or may not occur in the future are not cognizable as a matter of law. *Id.* at 5-10.

While FCSL contends that the Department asserted "for the first time" in its reply "that it was FCSCL's accreditor (the American Bar Association), and not the Department, that found that FCSL was not providing educational services to its students," ECF 45 at 2, that argument is belied by the record. In its Reply, the Department addressed the ABA's findings by citing to documents *that were already on the docket* in this case, including both: (1) the decision letters the Department issued to FCSL, which were attached as exhibits to FCSL's own Complaint; and (2) the Court's opinion denying FCSL's motion for a preliminary injunction. *See* ECF 44 at 8 (citing ECF 1-15 at 2-6; ECF 29 at 16-18, 56). Under these circumstances, Plaintiffs cannot claim surprise or lack of knowledge.

Surreplies are highly unusual. *See generally First Specialty Ins. Corp. v. 633 Partners Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008). There is no basis for one here. Accordingly, FCSL's motion to file a surreply should be denied.

Dated: January 11, 2022                   Respectfully submitted,

                                                             BRIAN M. BOYNTON
                                                           Acting Assistant Attorney General

                                                           MARCIA BERMAN
                                                           Assistant Branch Director
                                                           Federal Programs Branch

                                                           */s/ Emily Nestler*
                                                           EMILY NESTLER
                                                           Trial Attorney (DC Bar No. 973886)
                                                           Civil Division, Federal Programs Branch
                                                           U.S. Department of Justice
                                                           1100 L Street NW
                                                           Washington, D.C. 20005
                                                           Telephone: (202) 305-0167
                                                           E-mail: emily.b.nestler@usdoj.gov

                                                           *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

/s/ *Emily B. Nestler*

EMILY B. NESTLER