**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| FLORIDA COASTAL SCHOOL OF LAW, | |
| Plaintiff, | No. 3:21-cv-721-MMH-JBT |
| v. | |
| MIGUEL CARDONA, et al., | |
| Defendants. | |

**MOTION FOR RECONSIDERATION OF ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS**

Florida Coastal School of Law ("FCSL") seeks reconsideration of this Court's July 5, 2022 Order granting Defendants Motion to Dismiss pursuant to Fed. R. Civ. P. 59(e). *See Renfroe v. Nationstar Mortg., LLC,* 2022 U.S. Dist. LEXIS 57128, at *2 (M.D. Fla. Mar. 29, 2022) (construing a motion to reconsider an order granting dismissal as a motion to alter or amend judgment under Rule 59(e)). The Court's Order contains manifest errors of both law and fact, which create dangerous precedent that effectively insulates the Department of Education from meaningful judicial review when it acts to cut off vital funding to colleges and universities.

Additionally, the Department is already using its May 13, 2021 decision and July 13, 2021 reconsideration decision (collectively, "Decisions") to grant loan discharges under its borrower defense to repayment regulations ("BDR"). Earlier this summer, in a case pending in the Northern District of California, the Department stated that it intends to grant all pending BDR claims from FCSL

1

students based on "strong indicia regarding substantial misconduct." *Sweet, et al. v. Cardona, et al.*, 3:19-cv-03674 (N.D. Cal.), ECF # 246 at 6, ECF # 246-1 at 39 (Jun. 22, 2022).  The findings in the Decisions are the only possible findings of misconduct that could support a BDR claim.

However, based on the Court's recent dismissal Order, FCSL has no forum to seek review of these findings, undermining the purpose of the Administrative Procedure Act. 5 USC 704 (providing review of "final agency action for which there is no other adequate remedy in court.").

## Argument

The Court's ruling rests on an erroneous assumption that barring FCSL from Title IV, HEA programs based on its failure to provide advertised educational services and breaches of fiduciary duties are equivalent to a barring FCSL due to a failure to meet a technical requirement. That is demonstrably not true. The Court's rationalization that this is a distinction without a difference is not a reasonable interpretation of FCSL's pleadings nor does it fairly and accurately portray the consequences of the Decisions. Plainly, and without question, the Department's findings create real and substantial impediments to FCSL's continued and future operations and the ability of its management to obtain employment.

Moreover, the Department has already demonstrated its intent to use the findings to create substantial liabilities under the BDR regulations. Thus, FCSL's cessation of Title IV programs has not "completely and irrevocably eradicated the

effects of the [Department's] alleged violations [of the APA]." *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (emphasis added).

### 1. The Court misconstrued FCSL's pleadings.

FCSL unambiguously sought an order vacating the Decisions denying FCSL's application for reinstatement. ECF # 1 at 57.   However, the Court improperly read that request for relief out of the Complaint and concluded FCSL really only sought Title IV reinstatement. ECF # 51 at 10. That is factually and legally inappropriate. FCSL pled separate and distinct claims for relief, and it pled factual allegations that support those claims. That is all Rule 8 requires. Fed. R. Civ. P. 8(a).

This case presents a starkly different situation than *Nyaga v. Ashcroft*, which was based on the "single inquiry" of whether the plaintiff could meet the technical requirements to obtain a visa. 323 F.3d 906, 913-14 (11th Cir. 2003). It would be a different situation if INS **also** determined the plaintiff was ineligible based on findings that she committed crimes that would preclude her ever from obtaining a visa in the future. Certainly, in that case, INS's findings would be subject to judicial review. If they were not, she could be forever barred from obtaining a visa, notwithstanding the lawfulness or unlawfulness of INS's determination.

### 2. The Court misapplied the APA.

The Order's reasoning regarding the threat of BDR liabilities misapplies the APA. The Court posits that because an order vacating the findings in the Decisions

would "simply require the Department to re-examine [them]," the Department could, theoretically, still grant BDR claims based on "additional investigation or examination." ECF # 15. In other words, because the Department might later assert a new, lawful basis to grant BDR claims, the Court lacks jurisdiction to decide whether the current basis is unlawful. That contradicts the APA's requirement to review whether the findings the Department did make are supported by the law and the facts in the record. *Kisor v. Wilkie*, 139 S. Ct. 2400, 2416 ("the regulatory interpretation must be one actually made by the agency") (emphasis added).

If the Department's findings are arbitrary and capricious, they "shall" be vacated.  5 USC 706. The Department does not get a pass because the "underlying facts and circumstances" might later be used to support a new non-arbitrary and capricious finding.

The same goes for the Court's conclusion that the ABA's findings might independently support a BDR claim alleging FCSL did not provide certain educational services. ECF # 51 at 15-16. FCSL pled facts and introduced expert testimony establishing that the ABA's findings are **not** a sufficient basis to claim FCSL did not provide educational services. ECF # 1 at 33-39; Decl. of Donald Polden, ECF # 1-17. Thus, the Court's conclusion improperly goes to the validity of FCSL's claim—not whether the Court has jurisdiction to decide it. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925.  Moreover, the Court clearly recognizes the Department's characterization of the ABA's findings could lead to BDR liabilities, which defeats any notion that FCSL's claims are moot.

### 3. The Court misapprehends key facts and mischaracterizes the Decisions.

First, the Court erroneously concluded that FCSL "closed its doors." ECF # 51 at 20.  That is not true. FCSL continues to provide education programs. Decl. of Peter Goplerud, ECF # 38-1 at 2. And it intends to continue exploring other educational opportunities and reapply to Title IV in the future. *Id.* at 2-3. While FCSL does not currently provide Title IV eligible programs, that does not mean it does not remain an ongoing business concern. As discussed below, the Decision presents substantial, if not fatal, roadblocks to those plans.

Second, FCSL did not cease offering classes as a result of the ABA's action. ECF # 51 at 21. The ABA took no adverse action against FCSL. The sole reason FCSL stopped offering classes was because the Department ended FCSL's participation in Title IV, cutting off its primary source of funding. *See* ECF # 25-2 (April 2, 2021 letter from the ABA explaining that teach out plans were required based on the Department's termination of Title IV funding).  That is not reasonably in dispute.

Finally, the Court mischaracterized the nature of the Decision in stating that it did not determine that "FCSL engaged in any specific wrongdoing." ECF # 51 at 21. But the Department found that FCSL breached its fiduciary duties. And it likewise found that the school did not provide its advertised services to students. Both of those findings constitute potential violations of Title IV requirements. *See* 34 CFR 668.82 (standard of conduct); 20 USC 1099c(c)(1)(A) (financial

responsibility standards); 34 CFR 668.72 (misrepresentations concerning the nature of an eligible institution's educational program). It is a manifest error to conclude that is not a finding of wrongdoing.

To be clear, FCSL and its stakeholders vehemently deny any allegations of wrongdoing. It its Complaint and later findings, FCSL provided detailed legal and factual support demonstrating that it met every conceivable disclosure requirement with respect to planned transactions. ECF # 1 at 40-49; ECF # 38-2 (June 14, 2019 preacquisition review request, disclosing terms of proposed transaction). FCSL was completely transparent with the Department and timely, fully, and truthfully responded to all requests for information.

The Department's findings go directly to the integrity of the school and its owners and executives, and plainly have effects beyond the immediate decision. Indeed, the Department has used the same findings to bar institutions and individuals from participating in Title IV programs. *See Hestia Educ. Grp., LLC v. King*, 2016 U.S. LEXIS 11070, *19-20 (N.D. Calif. 2016). In other words, the Department has shown that it can—and indeed likely will—use its Decisions to bar FCSL and its owners and executives from participating in, or being associated with, the Title IV programs. Yet, according to the Court's order, the Decisions are unreviewable.

Thus, there is "concrete, imminent reputational harm." ECF # 51 at 21. Contrary to the Court's order, FCSL and its stakeholders face the same harm as the lawyer in *Daily v. Vaught Aircraft Co.*, 141 F.3d 224 (5th Cir. 1998), the nursing

professional in *Ruehling v. Armstrong*, 2014 WL 12617962 (M.D. Fla. Nov. 3, 2014), and the apartment owner in *Connell v. Shoemaker*, 555 F.2d 483 (5th Cir. 1977). But unlike in those cases, the Department has not rescinded its Decisions. It remains live and effective.

In *Rueling*, for example, the agency rescinded the suspension order. 2014 WL 12617962 at *2. The agency's refusal to remove an online posting of his suspension was sufficient to defeat mootness. *Id.* at *3. Here, the Department's website promotes the findings against FCSL and notifies students of BDR rights.[1]

Similarly, in *Connell*, the court concluded that, even though the agency lifted the sanction, the stigma of the allegations of racism undercut "whatever such aspirations he might yet harbor." 555 F.2d at 487. The Fifth Circuit did not require the level of certainty in future plans the Court appears to expect here. The fact that the findings were disparaging was enough to make the obvious inference that it would create impediments to his future endeavors.

And in *Daily*, the court too lacked authority to undo a disbarment that had already been reinstated. But the court recognized that even the "mere possibility of adverse collateral consequences is sufficient to preclude a finding of mootness," 141 F.3d at 228 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968).

---

[1] Dept. of Educ., Press Release, available at https://www.ed.gov/news/press-releases/department-educations-federal-student-aid-denies-reinstatement-application-profit-law-school

There is no doubt that the Department's findings of wrongdoing create more than the mere possibility of continuing reputational harm and limitations of FCSL's ability to continue as an educational institution.

## Conclusion

For the foregoing reasons, and those stated in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (ECF # 38), FCSL respectfully asks this Court to reconsider its Order granting Defendants' Motion to Dismiss and enter and Order denying Defendants' Motion to Dismiss.

## Statement of compliance

On July 29, 2022, counsel for FCSL conferred with Department counsel in good faith via email to resolve the instant Motion. The Department objects to and disputes FCSL's request for reconsideration.


Dated this August 2, 2022.

Respectfully submitted,

| | /s/ David A. Obuchowicz |
|---|---|
| David Burns (Fl. Bar No. 878081) | Steven M. Gombos |
| Ashley A. Dodd (Fl. Bar No. 58571) | David A. Obuchowicz |
| FERRELLE BURNS | GOMBOS LEYTON, P.C. |
| 241 Atlantic Boulevard, Suite 203 | 11350 Random Hills Road, Suite 400 |
| Neptune Beach, Florida 32266 | Fairfax, Virginia 22030 |
| Telephone: (904) 372-4177 | Telephone: (703) 934-2660 |
| Facsimile: (904) 853-6984 | Facsimile: (703) 934-9840 |
| Email: dburns@ferrelleburns.com | Email: sgombos@glpclaw.com |
| Email: adodd@ferrelleburns.com | Email: dobuchowicz@glpclaw.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

**Certificate of Service**

I hereby certify that on this 2nd day of August, 2022, the foregoing was filed and served via Middle District of Florida Courts E-filing upon all counsel registered to receive electronic notifications.

/s/ David A. Obuchowicz
Counsel for Plaintiff